NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**SHERYL TAYLOR,**
*Petitioner,*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent.*

---

2013-3037

---

Petition for review of the Merit Systems Protection Board in No. AT1221120255-W-1.

---

Decided: July 16, 2013

---

SHERYL TAYLOR, of Memphis, Tennessee, pro se.

MICHAEL A. CARNEY, General Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With him on the brief were BRYAN G. POLISUK, General Counsel and KEISHA DAWN BELL, Deputy General Counsel.

---

Before PROST, CLEVENGER, and LINN, *Circuit Judges.*

PER CURIAM.

Petitioner Sheryl Taylor seeks review of a final decision by the Merit Systems Protection Board ("Board") which dismissed her Individual Right of Action ("IRA") appeal for lack of jurisdiction. *Taylor v. Dep't of Treasury*, No. AT-1221-12-0255-W-1 (MSPB Oct. 11, 2012) (Final Order); *Taylor v. Dep't of Treasury*, No. AT-1221-12-0255 (MSPB Mar. 28, 2012) (Initial Decision). For the reasons set forth below, we *affirm*.

I

Ms. Taylor was employed as a Computer Assistant by the Internal Revenue Service, a component of the Treasury Department ("the Agency"). Between 2010 and 2011, she was the subject of several disciplinary actions which resulted in her removal.

Specifically, on January 5, 2010, the Agency proposed to suspend Ms. Taylor for a period of five days in response to two alleged instances of absence without leave. The Agency imposed that five-day suspension in March of 2010.

In February of 2011, the Agency proposed to suspend Ms. Taylor for fifteen more days based upon five specifications of her alleged failure to follow managerial directions. Three days later, the Agency rescinded that proposal and replaced it with a proposal to remove Ms. Taylor on grounds that she had been absent without leave, had failed to abide by established leave procedures, and failed on numerous occasions to follow managerial direction. On April 20, 2011, the Agency issued a final decision removing Ms. Taylor, effective April 22, 2011.

Ms. Taylor filed an appeal with the Board seeking review of her punishments and removal. The Board docketed certain portions of her appeal as an IRA appeal because she stated that her removal had been retaliation for the fact that she had filed a number of actions against the Agency such as a whistleblower complaint, a federal lawsuit and a discrimination complaint with the Equal Employment Opportunity Commission ("EEOC"). She

also requested that the Board provide her with legal counsel.

On February 29, 2012, Administrative Judge Jackson issued a jurisdictional order warning Ms. Taylor that her IRA appeal might be rejected for lack of jurisdiction unless she filed a statement, accompanied by evidence, identifying her allegedly protected disclosures and the Agency actions which she felt were retaliatory. She was also directed to show that she had exhausted administrative remedies before the Office of Special Counsel ("OSC") prior to filing her appeal with the Board.

Ms. Taylor never submitted any of the information requested by the jurisdictional order. She did, however, file motions seeking the recusal of Administrative Judge Jackson and the removal of the Agency's counsel, as well as a motion which reiterated her request that the Board appoint her counsel.

On March 28, 2012, the Administrative Judge dismissed Ms. Taylor's appeal for want of jurisdiction because Ms. Taylor had submitted no evidence showing that she had exhausted her remedies before the OSC or that she had made a disclosure protected by the Whistleblower Protection Act. Ms. Taylor's motions for recusal, removal, and appointment of counsel were denied.

Ms. Taylor filed a petition for review by the Board, which was denied on October 11, 2012, after the Board determined that there was no new, previously unavailable evidence and that the Administrative Judge had made no error in law or regulation that affected the outcome of the case.

Ms. Taylor timely appealed, and we have jurisdiction under 5 U.S.C. § 7703(b)(1).

## II

The sole issue raised by Ms. Taylor on appeal is whether the Board wrongly denied her multiple requests for appointment of counsel. She asserts that she is under

medical care, that she "does not have the mental capacity to litigate this complaint" without the assistance of counsel, and that she has tried, but failed, to secure representation on a *pro bono* basis.

Ms. Taylor therefore believes that the Board abused its discretion by failing to assign her federally-funded counsel who could assist her with developing her claim. We disagree. As an initial matter, Ms. Taylor has no constitutional right to appointed counsel to assist with her appeal of the Agency's removal action. That right is usually limited to criminal cases, and generally applies to civil cases such as this only when an indigent party's liberty is potentially threatened. *Pitts v. Shinseki*, 700 F.3d 1279, 1283 (Fed. Cir. 2012); *see also Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 26–27 (1981) ("[W]e . . . draw from [the Court's precedents] the presumption that an indigent litigant has a right to appointed counsel only when, if he loses, he may be deprived of his physical liberty."); *Arnesen v. Principi*, 300 F.3d 1353, 1360 (Fed. Cir. 2002) (generally there is no right to appointed counsel for indigent civil litigants absent a potential loss of personal freedom); *Lariscey v. United States*, 861 F.2d 1267, 1270 (Fed. Cir. 1988) ("[T]he right to counsel is highly circumscribed, and has been authorized in exceedingly restricted circumstances," such as when an indigent party "may lose his/her personal freedom if the action is lost").

The Board and the Agency seldom encounter such cases, and so it is unsurprising that neither has any procedure in place for appointing federally-funded counsel to represent pro se claimants. Nevertheless, on at least one prior occasion, we have directed the Board to provide some measure of assistance to a mentally incompetent pro se claimant. In *French v. Office of Personnel Management*, 810 F.2d 1118 (Fed. Cir. 1987), we held that it was an abuse of discretion to dismiss as untimely a mentally incompetent man's pro se claim for disability retirement benefits, and we remanded with instructions that the

Office of Personnel Management ("OPM") should take an "active role" in helping Mr. French develop his claim. 810 F.2d 1118, 1120 (Fed. Cir. 1987) (holding that a mentally incompetent pro se claimant should not "alone . . . be charged with the task of establishing his case" for disability benefits based upon mental incompetency).

The reasoning and result of *French* do not compel a remand of Ms. Taylor's case. We decided *French* based largely upon our interpretation of 5 U.S.C. § 8337(b), which specifically concerns disability benefits. That statute permits the OPM to waive the 1 year statute of limitations for filing a claim seeking disability benefits if the claimant is mentally incapacitated:

> This time limitation may be waived by the Office for an employee or Member who at the date of separation from service or within 1 year thereafter is mentally incompetent, if the application is filed with the Office within 1 year from the date of restoration of the employee or Member to competency or the appointment of a fiduciary, whichever is earlier.

5 U.S.C § 8337(b); *French*, 810 F.2d at 1119–20 (analyzing the statute's applicability to Mr. French's claim for disability benefits). We held that the OPM's refusal to hear Mr. French's untimely claim was inconsistent with this statutory mandate requiring "a high degree of care in dealing with the [disability] claims of the incompetent." *French*, 810 F.2d at 1120.

The rationale underpinning our *French* decision is therefore generally inapplicable outside the retirement and disability benefit context, and to this end, the Board has declined to extend *French* to removal actions. *See Marbrey v. Dep't. of Justice*, 45 M.S.P.R. 72, 75 (1990) (declining to appoint counsel to assist former employee in challenging his removal).

Moreover, even after *French* was remanded, Mr. French was not appointed federally-funded counsel.

Rather, the only relief that the Board offered to Mr. French was "a list of available attorneys . . . who might represent Mr. French *pro bono* from sources such as the local bar association, the local Federal Executive Board, and other local organizations which provide legal services to the indigent." *French v. Office of Pers. Mgmt.*, 37 M.S.P.R. 496, 499 n.3. (1988). Ms. Taylor has apparently already tried in vain to secure *pro bono* representation from numerous lawyers and legal aid programs. It seems unlikely that she would achieve any better results following a remand, given that the Board could only refer her back to those same resources.

Ms. Taylor directs our attention to *Fogg v. Dep't of Justice*, No. DC-0752-96-0101-I-2 (MSPB May 31, 1996) (Initial Decision), which is another case involving a former employee who alleged that his removal was reprisal for EEOC complaints that he had filed against his former employer. *Id.* at 3. The Initial Decision in that case makes passing mention of the appellant's "newly court-appointed counsel." *Id.* at 11. Ms. Taylor argues that *Fogg* thus refutes the Board's presently-claimed inability to appoint counsel in non-retirement cases.

Reviewing the record, however, it does not appear that Mr. Fogg's counsel actually was appointed by the Board. Instead, Mr. Fogg's counsel was appointed by the District Court for the District of Columbia, in the context of his co-pending EEOC case. *See* Order Directing Appointment of Pro Bono Counsel, *Fogg v. Gonzales*, 407 F.Supp.2d 79 (D.D.C. 2005) (No. 94-cv-2814) (appointing counsel for Mr. Fogg pursuant to D.C. Local Civil Rules), ECF No. 24. Indeed, unlike the Board, U.S. district courts are statutorily authorized to appoint counsel for EEOC complainants whenever justice demands. *See* 42 U.S.C § 2000e-5(f)(1) ("Upon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant and may authorize the commencement of the action without the payment of fees, costs, or security.")

*Fogg* therefore reaffirms rather than contradicts the Board's present position.

Finally, we note that Ms. Taylor has also filed numerous motions asking this court to supply her with counsel to assist with this appeal, all of which were denied. To the extent that her briefing invites us to reconsider those denials, we decline for reasons similar to those outlined above—Ms. Taylor has no constitutional right to counsel for her present appeal, and this court has no means by which it could appoint counsel to represent her.

CONCLUSION

Because the Board did not abuse its discretion in declining to appoint counsel for Ms. Taylor, the Board's decision is *affirmed*. Ms. Taylor's pending motions are denied.

**AFFIRMED**