NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**SHERYL TAYLOR,**
*Petitioner,*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent.*

---

2013-3113

---

Petition for review of the Merit Systems Protection Board in No. AT0752120258-I-1.

---

Decided: November 7, 2013

---

SHERYL TAYLOR, Memphis, Tennessee, pro se.

SARA B. REARDEN, Attorney, Merit Systems Protection Board, of Washington, DC, for respondent. With her on the brief was BRYAN G. POLISUK, General Counsel.

---

Before LOURIE, DYK, and WALLACH, *Circuit Judges.*

PER CURIAM.

Sheryl Taylor ("Taylor") appeals from the final order of the Merit Systems Protection Board (the "Board") dismissing her appeal from an agency's final decision on an Equal Employment Opportunity ("EEO") complaint as untimely filed without a showing of good cause for the delay. *See Taylor v. Dep't of Treasury*, No. AT-0752-12-0258-I-1 (M.S.P.B. Apr. 26, 2012) ("*Initial Decision*"); (M.S.P.B. Mar. 26, 2013) ("*Final Order*"). Because the appeal presents issues beyond our jurisdiction, we dismiss.

## BACKGROUND

Taylor was employed as a Computer Assistant at the Internal Revenue Service in Memphis, Tennessee (the "Agency"). Taylor was removed from federal service on April 22, 2011 for: (i) failure to follow managerial instructions, (ii) absence without leave, and (iii) failure to abide by established leave procedures. Resp't's App. 82–90.

Following her removal, Taylor filed a formal EEO complaint at the Agency claiming that she was subjected to harassment that created a hostile work environment on the basis of race, age, sex, disability, and reprisal for prior EEO activities as a complainant. *Id.* On December 12, 2011, the Agency issued a Final Agency Decision ("FAD") on Taylor's EEO complaint, finding that there was no discrimination relating to her removal. *Id.*; *Initial Decision* at 2. The certificate of service attached to the FAD reflects that it was addressed and sent to Taylor via First Class and Certified Mail on December 12, 2011, but the envelope containing the copy of the FAD that was sent to Taylor via Certified Mail was returned to the Agency on or about January 26, 2012 marked "unclaimed." *Initial Decision* at 2; Resp't's App. 93. The copy of the FAD that was sent to Taylor via regular mail was not returned to the Agency.

On January 25, 2012, Taylor appealed to the Board claiming, *inter alia*, that her case "involv[ed] a mixed case complaint and a mixed case appeal . . . consist[ing] of actions involving . . . deprivation of civil rights, interference with civil rights and protected activity covered under the EEO[]." Resp't's App. 72. By order dated March 23, 2012, both Taylor and the Agency were advised that the appeal may have been untimely filed and that Taylor had the burden of proving either that her appeal was timely filed or that good cause existed for the filing delay. *See Initial Decision* at 2. Taylor did not respond regarding the timeliness issue.

On April 26, 2012, the administrative judge (the "AJ") issued an initial decision dismissing Taylor's appeal as untimely filed. *Id.* at 2–3. The AJ stated that Taylor had 30 days from receipt of the FAD to file an appeal, but that her appeal was not filed until 9 days after the filing deadline and Taylor failed to show good cause for a waiver. *Id.* Taylor then petitioned the full Board to review the AJ's initial decision, arguing for the first time that she did not receive the FAD until March 2, 2012. *Final Order* at 4–6. On March 26, 2012, the Board denied the petition for review and affirmed the AJ's initial decision. *Id.*

Taylor appealed to this court seeking to invoke our jurisdiction under 28 U.S.C. § 1295(a)(9), which only provides us with jurisdiction over appeals from a final order or final decision of the Board pursuant to 5 U.S.C. §§ 7703(b)(1) and 7703(d).

## DISCUSSION

The first issue we must address is whether this court has jurisdiction to review the Board's ruling under the Civil Service Reform Act of 1978, 5 U.S.C. § 1101 *et seq.* Resolving that question requires a brief discussion of the options open to a federal employee complaining of discrimination in the workplace. *See generally Conforto v.*

*Merit Sys. Prot. Bd.*, 713 F.3d 1111, 1115–16 (Fed. Cir. 2013).

First, the employee may file an EEO complaint at the employing agency; if the employee does so, the agency is obligated to investigate and take final action on the complaint. 29 C.F.R. §§ 1614.101–110. If dissatisfied with the agency's resolution of the complaint, the employee may bring an action in a United States district court. *Id.* § 1614.407. In the case of discrimination based on race or sex, that action would be brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–16(c). In the case of age discrimination, that action would be brought under the Age Discrimination in Employment Act, 29 U.S.C. § 626(c). Alternatively, the employee may appeal the agency's decision to the Equal Employment Opportunity Commission ("EEOC"), and then to a district court. 29 C.F.R. §§ 1614.401–405. In certain cases, the employee has a third option—to file an appeal from the employing agency's final action to the Merit Systems Protection Board. *Id.* § 1614.302.

An appeal to the Board is available only in cases in which the adverse action in question falls within the Board's jurisdiction, such as in the case of removal or suspension for more than 14 days. 5 U.S.C. § 7512; *see id.* §§ 7513(a), (d), 7701(a). If the Board has jurisdiction to review an agency action against an employee, Congress has also authorized it to adjudicate the employee's claims of discrimination that would otherwise fall outside the Board's jurisdiction. *Id.* § 7702(a)(1); 29 C.F.R. § 1614.302; *Garcia v. Dep't of Homeland Sec.*, 437 F.3d 1322, 1335 (Fed. Cir. 2006). Such a case is referred to as a "mixed case appeal." 29 C.F.R. § 1614.302(a)(2).

If an employee loses her mixed case appeal on the merits of her discrimination claim, she may obtain further review of the adverse decision, either by a district court or by the EEOC and then (if necessary) a district court, but

not by this court.  5 U.S.C. §§ 7702(a)(3), 7703(b)(2); *see* 29 C.F.R. § 1614.303–310; *Conforto*, 713 F.3d at 1116; *Williams v. Dep't of Army*, 715 F.2d 1485, 1491 (Fed. Cir. 1983) (en banc).

The Supreme Court recently held that the district court's jurisdiction also extends to review of a mixed case appeal that the Board dismissed on procedural grounds, such as untimeliness. *Kloeckner v. Solis*, 568 U.S. __, 133 S. Ct. 596, 607 (2012); *Conforto*, 713 F.3d at 1116.  As a result, the district court, not this court, is vested with jurisdiction over any mixed case appeal that the Board resolves either on the merits or on procedural grounds. *Id.*  That, in effect, means that any case in which the Board exercises its jurisdiction to decide a discrimination claim, and in which the employee seeks review of that decision, is not appealable to this court.  *Id.*; *see also Garcia,* 437 F.3d at 1348 n.6 (Pursuant to 5 U.S.C. § 7702, "this court can review the merits of a mixed case only if the petitioner waives his discrimination claims.").  That is the case before us, as Taylor has not waived her discrimination claims.

In addition to her arguments in the instant appeal regarding the Board's decision with respect to timeliness, Taylor filed "a petition of review of the EEO[] decision before the Federal Circuit," which we interpreted as a motion to include review of the underlying EEO decision. That is a matter clearly beyond our jurisdiction, as is the Board's dismissal of Taylor's appeal on the procedural ground of untimeliness. *Conforto*, 713 F.3d at 1116.

Moreover, a party in a proceeding before the Board must raise an issue before the AJ if that issue is to be preserved for appellate review.  Accordingly, if, as here, a party fails to raise an issue in the administrative proceeding or raises the issue for the first time in a petition for review by the full Board, we will not consider the issue. *Bosley v. Merit Sys. Prot. Bd.*, 162 F.3d 665, 668 (Fed. Cir.

1998).  In this case, even if Taylor did not receive the FAD until March 2, 2012, as she claims, she never brought that information to the attention of the AJ.  The initial decision dismissing Taylor's appeal as untimely filed was not issued until April 26, 2012.  Despite the fact that Taylor's claim that she received the FAD on March 2, 2012 is not consistent with her having the necessary knowledge to file an appeal at the Board on January 25, 2012, the issue was not properly preserved for appellate review.

For the foregoing reasons, the appeal is dismissed.

**DISMISSED**

C<small>OSTS</small>

No costs.