ORIGINAL

# In the United States Court of Federal Claims

No. 14-577C

FILED

AUG 2 8 2014

U.S. COURT OF
FEDERAL CLAIMS

(Filed: August 28, 2014)

|  |  |  |
|---|---|---|
| RYAN A. MCNAUGHTON, JR. | ) | |
| | ) | |
| Plaintiff, | ) | Pro Se Complaint; Sua Sponte |
| | ) | Dismissal for Want of |
| v. | ) | Jurisdiction; Transfer; |
| | ) | 28 U.S.C. § 1631 |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Ryan A. McNaughton, Jr., Dennemora, NY, pro se.

Joshua D. Schnell, United States Department of Justice, Civil Division, Washington, DC, for defendant.

## ORDER

CAMPBELL-SMITH, Chief Judge

Before the court is the complaint of pro se plaintiff Ryan McNaughton, Jr. (plaintiff or Mr. McNaughton). Compl., Dkt. No. 1. For the following reasons, the court sua sponte **DISMISSES** plaintiff's complaint for lack of subject matter jurisdiction.

I.    Background

Plaintiff is an inmate at the Clinton Correctional Facility in Dannemora, New York. See id. at 1.[1] Plaintiff is serving a prison sentence resulting from a 2007 conviction by the Niagara County Court in New York. See McNaughton v. Auburn Corr. Facility, No. 10-61 (W.D.N.Y. Feb. 15, 2011), Dkt. No. 22, at 1 (discussing plaintiff's conviction). In early 2010, plaintiff petitioned the United States District Court for the Western District of New York for a writ of habeas corpus, which the district court denied. McNaughton, No. 10-61 (W.D.N.Y. Mar. 15, 2011), Dkt. No. 25. The United States

---

[1]    When citing to the complaint, the court cites to the page number assigned by the court's electronic filing system.

Court of Appeals for the Second Circuit dismissed plaintiff's appeal, and the United States Supreme Court denied plaintiff's petition for writ of certiorari. McNaughton v. Auburn Corr. Facility, No. 11-1228 (2d Cir. Aug. 2, 2011), Dkt. Nos. 39, 71.

The court discerns from the complaint various claims against the United States Department of Justice (DOJ) and Niagara County judicial officers. See Compl. 2–3. The complaint appears to allege that a Niagara County judge and DOJ have destroyed plaintiff's name and reputation, see id. at 2, that the Niagara County court acted negligently by sentencing plaintiff to prison, see id., and that DOJ negligently withheld information relevant to plaintiff's petition for rehearing before the Supreme Court, see id. at 3. The complaint also requests that the court hold a Niagara County judge in contempt. Id. at 6.

In addition to his complaint, plaintiff filed an Application to Proceed In Forma Pauperis,[2] Dkt. No. 3, and a Motion Requesting Appointment of Counsel, Dkt. No. 4.

II.    Legal Standards

"Subject-matter jurisdiction may be challenged at any time by the parties or by the court sua sponte." Folden v. United States, 379 F.3d 1344, 1354 (Fed. Cir. 2004) (citing Fanning, Phillips & Molnar v. West, 160 F.3d 717, 720 (Fed. Cir. 1998)); see also Metabolite Labs, Inc. v. Lab. Corp. of Am. Holdings, 370 F.3d 1354, 1369 (Fed. Cir. 2004) ("Subject matter jurisdiction is an inquiry that this court must raise sua sponte, even where, as here, neither party has raised this issue."). "In deciding whether there is subject-matter jurisdiction, the allegations stated in the complaint are taken as true and jurisdiction is decided on the face of the pleadings." Folden, 379 F.3d at 1354 (internal quotations omitted).

Complaints filed by pro se plaintiffs are often held to "less stringent standards than formal pleadings drafted by lawyers," Haines v. Kerner, 404 U.S. 519, 520 (1972); see Vaizburd v. United States, 384 F.3d 1278, 1285 n.8 (Fed. Cir. 2004) (stating that pleadings drafted by pro se parties "should . . . not be held to the same standard as [pleadings drafted by] parties represented by counsel"). However, pro se plaintiffs must still meet jurisdictional requirements. Bernard v. United States, 59 Fed. Cl. 497, 499 (2004), aff'd, 98 F. App'x 860 (Fed. Cir. 2004); see also Kelley v. Dep't of Labor, 812 F.2d 1378, 1380 (Fed. Cir. 1987) ("[A] court may not similarly take a liberal view of [a] jurisdictional requirement and set a different rule for pro se litigants only."). If the court determines that it does not have subject matter jurisdiction, it must dismiss the claim. Rules of the United States Court of Federal Claims (RCFC) 12(h)(3).

---

[2]    For the limited purpose of addressing the court's jurisdiction, plaintiff's motion to proceed in forma pauperis is **GRANTED**. The Clerk will file the complaint with no filing fee.

The Tucker Act provides for this court's jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (2012). A plaintiff must "identify a substantive right for money damages against the United States separate from the Tucker Act itself" for the court to exercise jurisdiction over a claim. Todd v. United States, 386 F.3d 1091, 1094 (Fed. Cir. 2004). The substantive law allegedly violated must "'fairly be interpreted as mandating compensation by the Federal Government.'" United States v. Navajo Nation, 556 U.S. 287, 290 (2009) (quoting United States v. Testan, 424 U.S. 392, 400 (1976)).

III.    Discussion

As a preliminary matter, the court addresses plaintiff's request to appoint counsel. In general, the constitutional right to appointed counsel is limited to criminal cases. Taylor v. Merit Sys. Prot. Bd., 527 F. App'x 970, 972 (Fed. Cir. 2013). In a civil case such as this, the right to counsel attaches "only when an indigent party's liberty is potentially threatened." Id. (citing Pitts v. Shinseki, 700 F.3d 1279, 1283 (Fed. Cir. 2012)). "[T]he right to counsel [in civil proceedings] is highly circumscribed, and has been authorized in exceedingly restricted circumstances." Lariscey v. United States, 861 F.2d 1267, 1270 (Fed. Cir. 1988).

Mr. McNaughton brings suit in this court for money damages. Compl. 3 (seeking $20 million in damages). The court detects no potential threat to plaintiff's liberty in relation to his suit here. There is no authority for the appointment of counsel under these circumstances. Plaintiff's motion requesting the appointment of counsel is **DENIED**.

Moreover, for the reasons set forth below, plaintiff's complaint must be dismissed for lack of subject matter jurisdiction pursuant to RCFC 12(h)(3), and the court finds that a transfer of plaintiff's case to another federal court is not appropriate.

A.      The Court Does Not Have Jurisdiction over Plaintiff's Claims

Plaintiff appears to allege that this court's jurisdiction over his claims arises out of the court's physical proximity to buildings in which DOJ personnel work. Compl. 1. Plaintiff, however, misunderstands the court's jurisdiction. While it is true that the Court of Federal Claims has national jurisdiction over claims that fall within its jurisdiction, the court's jurisdiction is limited to certain types of suits against the federal government for money damages. See 28 U.S.C. § 1491(a)(1).

Plaintiff's particular allegations are not easy to discern. Plaintiff seems to assert that the Niagara County Court and the DOJ have committed acts of negligence and defamation that have harmed him. See Compl. 2–3. Plaintiff also requests that the court hold a Niagara County Court judge in contempt. Id. at 6.

This court does not have jurisdiction to entertain causes of action for negligence or defamation as those claims sound in tort. 28 U.S.C. § 1491(a)(1) (explicitly excluding tort claims from this court's jurisdiction); see also Keene Corp. v. United States, 508 U.S. 200, 214 (1993) ("[T]ort cases are outside the jurisdiction of the Court of Federal Claims . . . ."); New Am. Shipbuilders v. United States, 871 F.2d 1077, 1079 (Fed. Cir. 1989) ("If the government misconduct alleged was tortious, jurisdiction is not granted the Claims Court[3] under the Tucker Act.") (footnote added). Moreover, to the extent that plaintiff alleges other violations of law by either state or local authorities, including the Niagara County Court judge, this court does not have jurisdiction over such claims. The United States is the only proper defendant in this court. 28 U.S.C. § 1491(a).

The court also lacks authority to adjudicate claims against individual federal officers such as DOJ officials. "The Tucker Act grants the Court of Federal Claims jurisdiction over suits against the United States, not against individual federal officials." Brown v. United States, 105 F.3d 621, 624 (Fed. Cir. 1997) (citing 28 U.S.C. § 1491(a)). "'[I]f the relief sought is against others than the United States, the suit as to them must be ignored as beyond the jurisdiction of the court.'" Pikulin v. United States, 97 Fed. Cl. 71, 75 (2011) (quoting United States v. Sherwood, 312 U.S. 584, 588 (1941)); Stephenson v. United States, 58 Fed. Cl. 186, 190 (2003) ("[C]laims against various individual officials in their personal and professional capacities cannot be entertained in this court."). Therefore, to the extent plaintiff brings claims against federal officials, the court cannot consider those claims.

Plaintiff's complaint might also be interpreted as containing a request for reconsideration of either his criminal conviction in Niagara County Court or of the Supreme Court's denial of plaintiff's request for rehearing. See Compl. 3–4. This court does not have jurisdiction to review decisions of state court judges or to review the proceedings conducted therein. See Hernandez v. United States, 96 Fed. Cl. 195, 203 (2010) ("This court does not have jurisdiction to review the decisions of [the] state court [judge] who presided over plaintiff's criminal case. . . ."); Landers v. United States, 39 Fed. Cl. 297, 301 (1997). This court likewise does not have jurisdiction to review determinations of the Supreme Court of the United States, the highest court in the nation. See Hicks v. United States, No. 10-793, 2011 WL 3319563, at *3 (Fed. Cl. Aug. 1, 2011) ("[T]he court has no jurisdiction to review decisions of other courts . . . let alone decisions by the nation's highest court . . . .").

---

[3]     The Claims Court was the predecessor to the Court of Federal Claims. See Kalick v. United States, 109 Fed. Cl. 551, 559 n.8 ("Congress renamed the [Claims Court] the United States Court of Federal Claims by the Federal Courts Administration Act of 1992, Pub. L. No. 102-572, § 902, 106 Stat. at 4516." (quoting Minesen Co. v. McHugh, 671 F.3d 1332, 1341 n.2 (Fed. Cir. 2012))).

For the foregoing reasons, plaintiff's complaint must be dismissed pursuant to RCFC 12(h)(3) for lack of subject matter jurisdiction. See RCFC 12(h)(3).

B.    Transfer of the Case to Another Court Is Not Appropriate

The court now considers whether "it is in the interest of justice" to transfer plaintiff's complaint to another court of the United States under 28 U.S.C. § 1631. See Tex. Peanut Farmers v. United States, 409 F.3d 1370, 1374–75 (Fed. Cir. 2005) (stating that the Court of Federal Claims should consider whether transfer is appropriate once the court has determined that it lacks jurisdiction). Section 1631 states in pertinent part:

> Whenever a civil action is filed in a court as defined in section 610 of this title . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed or noticed . . . .

28 U.S.C. § 1631; see 28 U.S.C. § 610 (defining courts as "courts of appeals and district courts of the United States, the United States District Court for the District of the Canal Zone, the District Court of Guam, the District Court of the Virgin Islands, the United States Court of Federal Claims, and the Court of International Trade"). "The phrase 'if it is in the interest of justice' relates to claims which are nonfrivolous and as such should be decided on the merits." Galloway Farms, Inc. v. United States, 834 F.2d 998, 1000 (Fed. Cir. 1987); see id. (stating that "[f]rivolous claims include spurious and specious arguments") (internal quotations omitted). "A decision to transfer rests within the sound discretion of the transferor court, and the court may decline to transfer the case '[i]f such transfer would nevertheless be futile given the weakness of plaintiff's case on the merits.'" Spencer v. United States, 98 Fed. Cl. 349, 359 (2011) (quoting Faulkner v. United States, 43 Fed. Cl. 54, 56 (1999)) (internal quotation marks omitted).

Because the court can discern no identifiable nonfrivolous cause of action that would potentially have merit in another court, transfer of plaintiff's complaint is not in the interest of justice.

IV.    Conclusion

For the foregoing reasons, plaintiff's motion to proceed in forma pauperis is GRANTED, and his motion for the appointment of counsel is DENIED. Moreover, the court finds that it lacks jurisdiction over plaintiff's claims. The Clerk of Court is directed

5

to **DISMISS** plaintiff's complaint for lack of jurisdiction. The Clerk of Court will enter judgment for defendant. No costs.

IT IS SO ORDERED.

PATRICIA E. CAMPBELL-SMITH
Chief Judge