NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**SHERYL TAYLOR,**
*Plaintiff-Appellant,*

**v.**

**UNITED STATES,**
*Defendant-Appellee.*

---

2014-5068

---

Appeal from the United States Court of Federal Claims in No. 1:13-cv-00467-MBH, Judge Marian Blank Horn.

---

Decided: November 12, 2014

---

SHERYL TAYLOR, of Memphis, Tennessee, pro se.

DOUGLAS G. EDELSCHICK, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for defendant-appellee. With him on the brief were STUART F. DELERY, Assistant Attorney General, ROBERT E. KIRSCHMAN, JR., Director, and MARTIN F. HOCKEY, JR., Assistant Director.

---

Before PROST, *Chief Judge,* MAYER, and LOURIE, *Circuit Judges.*

PER CURIAM.

Sheryl Taylor appeals from a final judgment of the United States Court of Federal Claims dismissing her complaint. *See Taylor v. United States*, 114 Fed. Cl. 185, 189 (Fed. Cl. 2014) ("*Court of Federal Claims Decision*"). We affirm.

## BACKGROUND

Taylor was employed as a computer specialist with the Internal Revenue Service ("IRS"). In April 2011, she was removed from her position for: (1) failure to follow managerial direction; (2) failure to abide by established leave procedures; and (3) absence without leave. *See Taylor v. Merit Sys. Prot. Bd.*, 527 F. App'x 970, 972-74 (Fed. Cir. 2013) ("*Taylor I*"). Taylor appealed to the Merit Systems Protection Board ("board"), arguing that she had been removed in retaliation for protected whistle-blowing activity.[*] *Id.* at 971. The board, however, dismissed her

---

[*]    In addition, Taylor filed a formal Equal Employment Opportunity ("EEO") complaint with the IRS, alleging that her removal was the result of race, sex, disability, and age discrimination. *See Taylor v. Merit Sys. Prot. Bd.*, 544 F. App'x 973, 974 (Fed. Cir. 2013) ("*Taylor II*"). In December 2011, the IRS issued a final decision which concluded that there was no discrimination relating to Taylor's removal. *Id.* Taylor appealed to the board, but it dismissed her appeal as untimely filed. *Id.* at 975. Taylor then appealed to this court. We dismissed her appeal, explaining that we had no authority to consider a "mixed case appeal that the Board resolves either on the merits or on procedural grounds," and that "review of the underlying EEO decision" was "a matter clearly beyond our jurisdiction." *Id.* at 976.

appeal for lack of jurisdiction. It concluded that it had no authority to consider Taylor's appeal because she had failed to exhaust her administrative remedies and had provided no evidence that she made a disclosure protected under the Whistleblower Protection Act, 5 U.S.C. § 2302(D).

Taylor then appealed to this court, raising the "sole issue" of whether the board had "wrongly denied her multiple requests for appointment of counsel." *Taylor I*, 527 F. App'x at 972. We held that Taylor had no constitutional right to appointed counsel, explaining that the right to counsel "is usually limited to criminal cases, and generally applies to civil cases . . . only when an indigent party's liberty is potentially threatened." *Id.*

In July 2013, Taylor filed a complaint in the United States Court of Federal Claims seeking injunctive and declaratory relief and damages of "$50,000 or more" from the United States and the chairperson of the Equal Employment Opportunity Commission. She alleged that the government violated the First, Fifth, and Fourteenth Amendments when it failed to provide her with an attorney, and that she had suffered "mental anguish" and "loss of property" as a result of the government's "negligence." Taylor further alleged that she was entitled "to recover just compensation for the Government's taking of federal funds and the denial of counsel without due process." *Court of Federal Claims Decision*, 114 Fed. Cl. at 189.

The Court of Federal Claims dismissed Taylor's complaint. It held that it had no jurisdiction over her negligence claims or her due process claims, explaining that the Due Process Clauses of the Fifth and Fourteenth Amendments are not money-mandating provisions. *Id.* at 195. The court further held that Taylor's complaint did not contain a viable Fifth Amendment takings claim because she did "not allege that the government took anything from her at all, much less a valid property

interest." *Id.* at 198; *see Adams v. United States*, 391 F.3d 1212, 1218 (Fed. Cir. 2004) (emphasizing that a Fifth Amendment takings claim requires the plaintiff to show that the government took a cognizable private property interest without just compensation).

Taylor then filed a timely appeal with this court. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

## DISCUSSION

The Court of Federal Claims is a court of limited jurisdiction. Under the Tucker Act, 28 U.S.C. § 1491(a), it has authority over claims for money damages against the United States based on sources of substantive law that "can fairly be interpreted as mandating compensation by the Federal Government." *United States v. Navajo Nation*, 556 U.S. 287, 290 (2009) (citations and internal quotation marks omitted); *see also United States v. Testan*, 424 U.S. 392, 398-402 (1976) (explaining that the Tucker Act confers jurisdiction only where a separate constitutional provision, statute, or regulation creates a substantive right to recover money damages from the United States).

As the Court of Federal Claims correctly concluded, it was without jurisdiction to consider Taylor's claims alleging that the government's failure to provide her with an attorney violated the Due Process Clauses of the Fifth and Fourteenth Amendments. *See Court of Federal Claims Decision*, 114 Fed. Cl. at 195-96. It is firmly established that those constitutional provisions do not create a substantive right to money damages from the government. *See LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995) ("[T]he Due Process Clauses of the Fifth and Fourteenth Amendments [and] the Equal Protection Clause of the Fourteenth Amendment" do not provide "a sufficient basis for jurisdiction because they do not mandate payment of money by the government."); *see also Crocker v. United States*, 125 F.3d 1475, 1476 (Fed.

Cir. 1997); *Carruth v. United States*, 627 F.2d 1068, 1081 (Fed. Cir. 1980). Nor did the Court of Federal Claims have jurisdiction to consider Taylor's First Amendment claims. "That amendment merely forbids Congress from enacting certain types of laws; it does not provide persons aggrieved by governmental action with an action for damages in the absence of some other jurisdictional basis." *United States v. Connolly*, 716 F.2d 882, 887 (Fed. Cir. 1983) (en banc).

The trial court was likewise without authority to consider Taylor's claim that the government acted negligently when it failed to appoint an attorney to represent her. The plain language of the Tucker Act excludes tort claims. *See* 28 U.S.C. § 1491(a)(1). Because negligence claims sound in tort, *see Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d 1338, 1343 (Fed. Cir. 2008), the Court of Federal Claims is without jurisdiction to consider them. *See Keene Corp. v. United States*, 508 U.S. 200, 214 (1993).

On appeal, Taylor's principal argument is that because she does not have "the legal expertise to litigate a complex civil action," the government was obligated to "appoint or assign counsel to [her] by releasing its federal funds." We do not find this argument persuasive. As we explained in *Taylor I*, an employee appealing an agency's removal action "has no constitutional right to appointed counsel." 527 F. App'x at 972. While the Sixth Amendment guarantees a criminal defendant the right to an attorney, a civil litigant has that right only in exceptional circumstances, such as when his personal "liberty is potentially threatened." *Id.*; *see Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 27-34 (1981) (holding that indigent plaintiffs facing child custody termination proceedings may be entitled to court-appointed counsel); *Pitts v. Shinseki*, 700 F.3d 1279, 1283 (Fed. Cir. 2012) (emphasizing that the right to counsel generally does not attach in civil cases where there is no potential deprivation of a

personal liberty interest); *Arnesen v. Principi*, 300 F.3d 1353, 1360 (Fed. Cir. 2002) (noting that indigent litigants generally have no right to appointed counsel absent a potential loss of personal freedom); *Lariscey v. United States*, 861 F.2d 1267, 1270 (Fed. Cir. 1988) ("In civil proceedings . . . the right to counsel is highly circumscribed, and has been authorized in exceedingly restricted circumstances."). No such exceptional circumstances are present here.

We have considered Taylor's remaining arguments but find them unconvincing. Accordingly, we affirm the judgment of the United States Court of Federal Claims.

**AFFIRMED**