# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

DELIRIS MONTANEZ,
          Appellant,

          v.

DEPARTMENT OF HOMELAND
    SECURITY,
          Agency.

DOCKET NUMBERS
DA-1221-20-0330-W-2
DA-1221-20-0421-W-2

DATE: April 11, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Deliris Montanez</u>, El Paso, Texas, pro se.

<u>Russell Wardlow</u>, Esquire, and <u>Sadie Herbert</u>, Esquire, El Paso, Texas, for
    the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed the above-captioned individual right of action (IRA) appeals as settled. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact;

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

On May 4 and July 1, 2020, the appellant filed two IRA appeals with the Board, wherein she alleged that the agency took several personnel actions in retaliation for her protected whistleblowing. *Montanez v. Department of Homeland Security*, MSPB Docket No. DA-1221-20-0330-W-1, Initial Appeal File (0330 IAF), Tab 1; *Montanez v. Department of Homeland Security*, MSPB Docket No. DA-1221-20-0421-W-1, Initial Appeal File, Tab 1. The administrative judge joined the appeals for adjudication and, after finding jurisdiction, he convened a hearing. *Montanez v. Department of Homeland Security*, MSPB Docket No. DA-1221-20-0330-W-2, Appeal File (0330 W-2 AF), Tab 11, Initial Decision (0330 ID) at 1. During the hearing, the parties went off the record and, when the hearing resumed, they informed the administrative judge that they had resolved the dispute through a settlement agreement. Hearing Record (HR); 0330 ID at 2. The settlement agreement, which was signed by the appellant, her representative, and the agency's settlement authority, was entered into the record for enforcement. 0330 W-2 AF, Tab 8; 0330 ID at 2-3.

Accordingly, the administrative judge issued an initial decision dismissing the two appeals as settled. 0330 ID. In the initial decision, the administrative judge notified the parties that the initial decision would become final on October 14, 2021, unless a petition for review was filed by that date. *Id*. at 3. The initial decision explained that, if the appellant believed that the settlement agreement was unlawful, involuntary, or the result of fraud or mutual mistake, she could request Board review by filing a petition for review. *Id*. at 3-4.

Approximately 10 months later, on July 10, 2022, the appellant filed a petition for review.[2] *Montanez v. Department of Homeland Security*, MSPB Docket No. DA-1221-20-0330-W-2, Petition for Review (0330 PFR) File, Tab 1. The Office of the Clerk of the Board (Clerk) issued an acknowledgment letter, which informed the appellant that her petition for review appeared to be untimely and advised her of the legal standard for establishing good cause for her untimely filing. 0330 PFR File, Tab 2. The appellant filed a response to the Clerk's order, the agency filed a response to the petition for review, and the appellant filed a reply. 0330 PFR File, Tabs 3, 5-6.

## DISCUSSION OF ARGUMENTS ON REVIEW

A settlement agreement is a contract between the parties and its terms are to be interpreted as a question of contract law. *Wofford v. Department of Justice*, 115 M.S.P.R. 468, ¶ 6 (2010). An appellant may challenge the validity of a settlement agreement if she believes it was unlawful, involuntary, or the result of fraud or mutual mistake. *Id*. Even if invalidity was not apparent at the time of settlement, the agreement must be set aside if it is subsequently shown by new evidence that the agreement was tainted with invalidity by fraud or misrepresentation. *Id*. However, the party challenging the validity of a settlement agreement bears a heavy burden of showing a basis for invalidation. *Id*.

---

[2] The petition for review was untimely by approximately 9 months. Because we decide this appeal on the merits, the Board does not address the timeliness issue.

In her petition for review, the appellant asserts that she felt coerced to accept the settlement by her legal counsel, who was later disbarred. 0330 PFR File, Tab 1 at 6. She challenges the monetary amount of the settlement and the "stipulations" contained in the agreement, and she asserts that she believes her attorney was "acting in bad faith and making under the table deals with the agency in an attempt to settle the case as he had personal financial needs." *Id.* at 8, 10; 0330 PFR File, Tab 3 at 4-5. She also asserts that the agency obstructed her right to obtain documents through the Freedom of Information Act (FOIA) and, after obtaining the documents after she signed the settlement agreement, she learned that the agency had omitted "material facts" which would have changed the outcome of her appeal. 0330 PFR File, Tab 1 at 6-7. Finally, the appellant asserts that her medical condition impaired her ability to fully participate in the proceedings before the administrative judge. 0330 PFR File, Tab 1 at 22, Tab 3 at 5, Tab 6 at 7-9. We address each argument below.

To establish that a settlement agreement resulted from fraud in the inducement, the appellant must show that the agency knowingly concealed a material fact or intentionally misled her. *See Armstrong v. Department of the Treasury*, 115 M.S.P.R. 1, ¶¶ 6-7 (2010), *aff'd*, 438 F. App'x 903 (Fed. Cir. 2011). The appellant asserts that the agency wrongfully withheld a report by the Office of the Inspector General, which the appellant received through a FOIA request after she entered into the settlement agreement. 0330 PFR File, Tab 1 at 6, 8, 23-27. However, the agency entered a copy of the report into the record before the administrative judge, prior to the signature to the settlement agreement, and therefore the document was not concealed from her prior to the settlement. *Compare* 0330 IAF, Tab 9 at 96-100, *with* 0330 PFR File, Tab 1 at 23-27.

The appellant next argues that her attorney coerced her into settling her case despite her alleged communications to him that she disagreed with the "stipulations" contained in the agreement. 0330 PFR File, Tab 3 at 4, Tab 6 at 6.

The appellant has not provided a copy of the alleged communications and she has not identified on review which stipulations she disagrees with. It appears that the appellant was present during the settlement negotiations, which the administrative judge facilitated, and there is no evidence that she raised concerns about the settlement terms with the administrative judge prior to signing the agreement. HR; 0330 W-2 AF, Tab 8 at 6; *cf. Washington v. Department of the Navy*, 101 M.S.P.R. 258, ¶¶ 17-18 (2006) (remanding to consider the validity of a settlement agreement wherein the appellant was not present for settlement negotiations and, with her petition for review, she provided letters with her attorney calling into question whether the attorney had the authority to settle her case). Although the appellant may have misunderstood the scope of a particular provision in the agreement, her unilateral misunderstanding is not a basis for setting aside the settlement. *See Virgil v. U.S. Postal Service*, 75 M.S.P.R. 109, 113-14 (1997); *see also Kowalczyk v. Department of the Army*, 44 M.S.P.R. 616, 622 (1990) ("The inadequate exchange of information between the appellant and his attorney, without more, does not provide a basis for setting aside the agreement or for making its terms unenforceable."). Under these circumstances, we conclude that the appellant has not shown that she was coerced into the settlement. *See McCullough v. U.S. Postal Service*, 40 M.S.P.R. 476, 479 (1989) ("In order to establish that a settlement agreement was obtained through coercion, a party must prove that: (1) One side involuntarily accepted the terms of another; (2) the circumstances permitted no other alternative; and (3) the circumstances were the result of the coercive acts of the opposite party."), *aff'd*, 909 F.2d 1494 (Fed. Cir. 1990).

As to the appellant's assertion that her attorney may have made "under the table deals" with the agency because of his "personal financial needs," 0330 PFR File, Tab 3 at 5, she has submitted no evidence in support of this argument and it is mere speculation. *See Johnson v. Department of Agriculture*, 98 M.S.P.R. 691, ¶ 8 (2005) (considering the appellant's claim that his former attorney engaged in

a consulting contract with the agency after the appellant agreed to a settlement with the agency, and finding that it was insufficient to show that the settlement was the result of impermissible coercion or duress which would warrant voiding it). Although the appellant has asserted that her attorney was ineffective, that is not a basis for setting aside the settlement agreement. *See Moore v. U.S. Postal Service*, 52 M.S.P.R. 160, 163 (1991) (stating that a party is bound by the actions of her chosen representative).

To the extent the appellant argues that her medical condition prevented her from having the mental capacity to enter into a valid settlement agreement, we find that the appellant has not proved such a claim. 0330 PFR File, Tab 1 at 22, Tab 3 at 4, Tab 6 at 7-9. A party to a settlement agreement is presumed to have full legal capacity to contract unless she is mentally disabled and the mental disability is so severe that she cannot form the necessary intent. *Parks v. U.S. Postal Service*, 113 M.S.P.R. 60, ¶ 8 (2010). The appellant has stated that her medical condition, post traumatic stress disorder (PTSD), was exacerbated by the agency on September 8, 2021, the date that she signed the settlement agreement. 0330 PFR File, Tab 3 at 4. She has submitted a June 30, 2022 letter from a nurse practitioner, which states that the practitioner has treated the appellant since May 2021 for major depressive disorder, PTSD, and generalized anxiety disorder. 0330 PFR File, Tab 1 at 22. The nurse practitioner opines that the appellant is unable to represent herself because her PTSD causes "difficulty with memory, concentration, focusing, sleep, energy and motivation," and that her PTSD "send[s] off alarms in her brain or exacerbate her symptoms as she tries to represent herself." [3] *Id.* However, the letter does not specifically address the

---

[3] In a nonprecedential decision, the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) held that the Board did not err in denying an appellant's request to appoint her counsel in an IRA appeal and held that such appellants do not have a constitutional right to counsel. *See Taylor v. Merit Systems Protection Board*, 527 F. App'x 970, 972-74 (Fed. Cir. 2013). The Board may rely on unpublished decisions from the Federal Circuit to the extent it finds the reasoning persuasive, as we do here. *Graves v. Department of Veterans Affairs*, 123 M.S.P.R. 434, ¶ 10 n.1 (2016).

appellant's mental capacity at the time she signed the settlement agreement. *Id.* Notably, the administrative judge stated on the record that he assisted with facilitating the settlement terms and that the parties entered into the agreement voluntarily. *See* HR. The appellant has provided no evidence to find otherwise. Accordingly, we find that the appellant has failed to prove that her mental state precluded her from entering into a valid settlement agreement. *See Parks*, 113 M.S.P.R. 60, ¶¶ 8-10 (concluding that the appellant's statement that that his medical condition affected his capacity to enter into a settlement agreement was insufficient to outweigh the statements of agency witnesses present during negotiations attesting to his mental state).

Based on the foregoing, we deny the petition for review and affirm the initial decision.

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain

judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD: _____

Gina K. Grippando
Clerk of the Board

Washington, D.C.