# United States Court of Appeals for the Federal Circuit

---

**ERNEST PITTS, JR.,**
*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2011-7182

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 09-4560, Judge Alan G. Lance, Sr.

---

Decided: November 20, 2012

---

MIGUEL F. EATON, Jones Day, of Washington, DC, argued for claimant-appellant. With him on the brief was LUKE A. SOBOTA.

JESSICA TOPLIN, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent-appellee. With her on the brief were STUART F. DELERY, Acting Assistant Attorney General, JEANNE E. DAVIDSON, Director, and MARTIN F. HOCKEY, JR., Assistant Director.

Of counsel on the brief were DAVID J. BARRANS, Deputy Assistant General Counsel, and BRIAN D. GRIFFIN, Attorney, United States Department of Veterans Affairs, of Washington, DC. Of counsel was Y. KEN LEE, Attorney.

_____

Before BRYSON, DYK, and PROST, *Circuit Judges.*

BRYSON, *Circuit Judge.*

Ernest Pitts, Jr., a veteran, claims entitlement to disability benefits from the Department of Veterans Affairs ("DVA") based on post-traumatic stress syndrome ("PTSD"), a psychiatric disorder other than PTSD, a sinus disorder, and a skin disorder, all of which he contends are service-connected conditions. He was represented by counsel before the Court of Appeals for Veterans Claims ("CAVC"), which upheld a ruling of the Board of Veterans' Appeals rejecting his claims.

On appeal to this court, Mr. Pitts argues that his lawyer provided him inadequate representation in the CAVC and in so doing deprived him of his constitutional right to effective assistance of counsel before that court. We hold that the Constitution does not guarantee effective representation of counsel in connection with veterans' benefits appeals before the CAVC.

I

Mr. Pitts was in active military service between 1971 and 1974. Following his honorable discharge he filed claims seeking service connection for a psychiatric disorder and a lower back injury. A DVA regional office denied those claims in 1978, and the Board of Veterans' Appeals upheld that denial in 1983. In 1992, Mr. Pitts filed a claim seeking service connection for PTSD, and during

the same year he sought to reopen his claim for a lower back injury. The regional office denied both claims. Those decisions became final when Mr. Pitts did not seek review by the Board of Veterans' Appeals.

In 1999, Mr. Pitts filed claims seeking service connection for sinusitis and a skin disorder. He also sought to reopen his earlier claims and submitted additional evidence of service connection for those disabilities. The regional office, however, determined that he had failed to show service connection for his newly claimed disabilities and that he had failed to submit new and material evidence sufficient to warrant reopening his previously denied claims.

The Board of Veterans' Appeals in 2005 upheld the regional office's decision with respect to all of Mr. Pitts's claims. The Board found that the evidence did not show that either his sinus condition or his skin condition was related to his military service. As to his request to reopen his earlier claims, the Board considered his newly submitted evidence, which consisted of certain medical records as well as his own statements and those of a family member asserting that his disabilities were service related. The Board found his submissions insufficient to disturb its previous rulings that (1) his lower back condition resulted not from service but from a post-service work-related injury; (2) there was no evidence that his psychiatric disorder other than PTSD was linked to his service; and (3) his PTSD claim was not shown to be service connected because there was no evidence of an in-service stressor.

When Mr. Pitts appealed that decision to the CAVC, the parties filed a joint motion to vacate and remand to enable the DVA to retrieve pertinent records from the

Social Security Administration that the DVA had not previously sought to obtain. The joint motion added that Mr. Pitts would be free, on remand, to submit additional evidence and argument in support of his claims.

On remand, the Board conducted another hearing in September of 2006 and subsequently reopened Mr. Pitts's PTSD claim based on his assertions that he was shot at during service and that someone he knew had been killed in action. The Board also directed the regional office to attempt to verify the claimed stressor for Mr. Pitts's PTSD claim, to obtain the Social Security Administration records and any other relevant records, and to issue a detailed notice to Mr. Pitts as to the information and evidence that would be necessary to establish his entitlement to benefits. The regional office sent Mr. Pitts a notice explaining the type of evidence needed to reopen his previously denied claims and to establish each of his claims. In 2009, after the regional office obtained pertinent records from the Social Security Administration and elsewhere, the Board found that the DVA had complied with its duties to notify and assist Mr. Pitts. On the merits, the Board ruled that there was no new and material evidence sufficient to warrant reopening Mr. Pitts's claims for service connection for his lower back injury and his psychiatric disorder other than PTSD, because the records had not established a nexus between those conditions and his service. As to his sinus disorder and skin condition claims, the Board found that the evidence did not establish that those conditions were service connected. And as to his reopened PTSD claim, the Board concluded that the record did not show that he had a current diagnosis of PTSD.

Mr. Pitts then appealed to the CAVC. He argued on appeal that the hearing officer who conducted the Board's

September 2006 hearing had not satisfied the requirements of 38 C.F.R. § 3.103(c)(2) because he had not sufficiently explained the evidentiary deficiencies in Mr. Pitts's case and had not suggested that Mr. Pitts submit further evidence in support of his claims. The CAVC agreed that the hearing officer had not satisfied the regulatory requirement. The court explained that the hearing officer had merely listed the claims on appeal, rather than explaining why they had been denied, and had failed to address the question whether there was sufficient evidence to reopen Mr. Pitts's claim of service connection for a psychiatric disorder other than PTSD.

Having found the remand proceeding deficient, however, the CAVC concluded that the error was harmless. The court first held that Mr. Pitts had not met his burden of showing that the error was prejudicial. The court noted that Mr. Pitts, through his counsel, had "fail[ed] to assert precisely how he was prejudiced by any purported hearing officer error or indicate what additional evidence he would have submitted if an error had not been committed." *Pitts v. Shinseki*, No. 09-4560, slip op. at 4 (Vet. App. June 7, 2011). Instead, he merely asserted that it would require "pure speculation" to conclude that the error did not prejudice him. *Id.* Notwithstanding counsel's failure to make a specific argument as to prejudice, the court reviewed the record and determined that the Board's error did not prejudice Mr. Pitts because he had "actual knowledge of the issues and evidence material to his claims." *Id.* at 5. In light of the prior joint motion for remand, the court concluded that Mr. Pitts "was aware of the evidentiary and legal weaknesses of his claims prior to them being returned to the Board," and that he was clearly aware of the problems with his claims, as those same evidentiary deficiencies had been pointed out in the prior appeal. *Id.*

Mr. Pitts subsequently obtained new counsel and prosecuted an appeal to this court.

## II

Mr. Pitts's principal argument on appeal is that the lawyer who represented him before the CAVC provided ineffective assistance of counsel, which rendered the proceedings before that court fundamentally unfair, thus denying him his right to due process under the Fifth Amendment. In particular, he contends that although his counsel successfully argued that the remand proceedings were defective, he did not make the further contention that the error was prejudicial. The failure to specifically assert and argue prejudice, he claims, amounted to constitutionally ineffective assistance of counsel and requires reversal of the CAVC's judgment.[1]

---

[1] The government has not challenged this court's jurisdiction over Mr. Pitts's ineffective assistance of counsel claim, and we conclude that we may exercise jurisdiction over both the facts and law relevant to that issue under our authority to "interpret constitutional . . . provisions, to the extent presented and necessary to a decision." 38 U.S.C. § 7292(c); *see also* § 7292(d) ("The Court of Appeals for the Federal Circuit shall decide all relevant questions of law, including interpreting constitutional and statutory provisions"; the court may not review a challenge to a factual determination "[e]xcept to the extent that an appeal under this chapter presents a constitutional issue."). We have held that sections 7292(c) and (d) give us jurisdiction to review "free-standing" constitutional issues such as Mr. Pitts's claimed right to the effective assistance of counsel. *In re Bailey*, 182 F.3d 860, 865-70 (Fed. Cir. 1999).

In criminal cases, ineffective assistance claims are ordinarily required to be raised in collateral proceedings. *See Massaro v. United States*, 538 U.S. 500 (2003). We need not decide whether an ineffective assistance claim

It is well established that, as a general matter, the constitutional right to counsel—and thus the constitutional right to the effective assistance of counsel—does not attach in civil cases that do not involve the potential deprivation of a liberty interest.[2]  In *Lariscey v. United States*, 861 F.2d 1267, 1270 (Fed. Cir. 1988), this court stated that in civil proceedings, "the right to counsel is highly circumscribed, and has been authorized in exceedingly restricted circumstances."  The court explained that in civil cases, a constitutional right to counsel exists, if at all, only when an indigent party "may lose his/her personal freedom if the action is lost."  *Id.*; *see Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 26-27 (1981) ("[W]e . . . draw from [the Court's precedents] the presumption that an indigent litigant has a right to appointed counsel only when, if he loses, he may be deprived of his physical liberty."); *see also Arnesen v. Principi*, 300 F.3d 1353, 1360 (Fed. Cir. 2002) (generally there is no right to appointed counsel for indigent civil litigants absent a potential loss of personal freedom if the action is lost).

When the government is not constitutionally required to furnish counsel in particular proceedings, errors by private counsel are not imputed to the government.  *See Coleman v. Thompson*, 501 U.S. 722, 752-54 (1991).  The client "cannot claim constitutionally ineffective assistance of counsel in such proceedings"; rather, because the attorney performs in a private capacity as the client's

---

could be raised on direct appeal from a decision of the CAVC, given our holding that there is no due process right to effective assistance in these circumstances.

[2]    The right to effective assistance of counsel has long been recognized in criminal proceedings, where it is grounded in the Sixth Amendment.  *See Strickland v. Washington*, 466 U.S. 668, 685-86 (1984).

agent, and not as a state actor, the client must "bear the risk of attorney error." *Id.* at 752-53 (citation and quotation marks omitted). *See also Wainwright v. Torna*, 455 U.S. 586, 587-88 (1982) ("Since respondent had no constitutional right to counsel, he could not be deprived of the effective assistance of counsel . . . ."); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633-34 (1962) (When a party in a civil case voluntarily chooses his attorney as his representative, "he cannot . . . avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent.").

Although claimants seeking federal benefits normally enjoy the right to retain counsel, whether by statute, regulation, or practice, that right does not alter the general rule that retained counsel's error is imputed to the client. This court addressed, and rejected, a claim of ineffective assistance of counsel in an appeal from the Merit Systems Protection Board in *Bowen v. Department of Transportation, Federal Aviation Administration*, 769 F.2d 753, 755 (Fed. Cir. 1985). The appellants in that case, federal employees who had been removed from their jobs, argued that their counsel had been ineffective in representing them before the Board, in violation of their statutory rights under 5 U.S.C. § 7513(b)(3). This court rejected their claim on the ground that "[t]here is no statutory or regulatory requirement that representation be 'effective'" and that the appellants were chargeable with the acts or omissions of their chosen counsel.

The same rule applies to other types of civil litigation, in both private cases and suits against the government. *See Nelson v. Boeing Co.*, 446 F.3d 1118, 1119 (10th Cir. 2006) ("The general rule in civil cases is that the ineffec-

tive assistance of counsel is not a basis for appeal or retrial. . . . If a client's chosen counsel performs below professionally acceptable standards, with adverse effects on the client's case, the client's remedy is not reversal, but rather a legal malpractice lawsuit against the deficient attorney."); *Slavin v. Comm'r*, 932 F.2d 598, 601 (7th Cir. 1991) ("There is no principle of effective assistance of counsel in civil cases. Shortcomings by counsel may be addressed in malpractice actions; they do not authorize the loser to litigate from scratch against the original adversary."); *Nicholson v. Rushen*, 767 F.2d 1426, 1427 (9th Cir. 1985) ("Generally, a plaintiff in a civil case has no right to effective assistance of counsel. . . . This rule is based on the presumption that, unless the indigent litigant may lose his physical liberty if he loses the litigation, there is generally no right to counsel in a civil case."); *Watson v. Moss*, 619 F.2d 775, 776 (8th Cir. 1980) ("There is no constitutional or statutory right for an indigent to have counsel appointed in a civil case. . . . It of course follows there is no constitutional or statutory right to effective assistance of counsel in a civil case.").

Even in benefits proceedings in which courts have recognized a due process right to have the assistance of retained counsel during the proceedings, it does not necessarily follow that the party has a constitutional right to effective assistance on the part of that chosen counsel. *See Mekdeci v. Merrell Nat'l Labs.*, 711 F.2d 1510, 1522-23 & n.19 (11th Cir. 1983) (right to retain counsel does not "encompass any assurance that the counsel retained will be effective"). In *Goldberg v. Kelly*, 397 U.S. 254 (1970), the Supreme Court held that a claimant who was at risk of losing child welfare benefits must be allowed to retain an attorney for the termination proceedings. The Court was careful to add, however, that the claimant was not entitled to have counsel appointed, *id.* at 270-71, and

it did not recognize a right to effective assistance in proceedings for welfare benefits.

Mr. Pitts acknowledges that the doctrine of ineffective assistance of counsel is generally not recognized in civil cases. However, he relies on a line of immigration decisions in which a number of courts of appeals have held that the Due Process Clause provides some level of protection against ineffective assistance of counsel in removal (i.e., deportation) proceedings, even though the alien is not constitutionally entitled to the appointment of counsel in such proceedings. *See, e.g.*, *Contreras v. Att'y Gen.*, 665 F.3d 578, 584 (3d Cir. 2012); *Nehad v. Mukasey*, 535 F.3d 962, 967 (9th Cir. 2008); *Zeru v. Gonzalez*, 503 F.3d 59, 72 (1st Cir. 2007); *Tang v. Ashcroft*, 354 F.3d 1192, 1196 (10th Cir. 2003); *United States v. Perez*, 330 F.3d 97, 101 (2d Cir. 2003); *Huicochea-Gomez v. INS*, 237 F.3d 696, 699 (6th Cir. 2001); *Mejia Rodriguez v. Reno*, 178 F.3d 1139, 1146 (11th Cir. 1999). Several courts of appeals have taken a contrary view, holding that where there is no constitutional right to the appointment of counsel a party may not obtain relief because of inadequacies in the performance of his chosen counsel, even in immigration cases. *See Rafiyev v. Mukasey*, 536 F.3d 853, 861 (8th Cir. 2008); *Afanwi v. Mukasey*, 526 F.3d 788, 796-99 (4th Cir. 2008), *vacated and remanded*, 130 S. Ct. 350 (2009); *Magala v. Gonzales*, 434 F.3d 523, 525 (7th Cir. 2005). However, even assuming the position taken by the majority of circuits on that issue is correct, the rationale of those cases does not extend to veterans' benefits claims.

Removal proceedings implicate an individual's liberty; they are not confined to affecting only property interests. The Supreme Court in *Bridges v. Wixon*, 326 U.S. 135, 154 (1945), explained that in deportation cases, "the liberty of an individual is at stake" because deportation

"deprives him of the right to stay and live and work in this land of freedom." Following *Bridges*, courts that have recognized a right to effective assistance of counsel in removal proceedings have found that right to be grounded in the substantial liberty interest that is at stake. *See Fadiga v. Att'y Gen.*, 488 F.3d 142, 157 & n.23 (3d Cir. 2007) ("the liberty of an individual is at stake in deportation proceedings"); *Saakian v. INS*, 252 F.3d 21, 24 (1st Cir. 2001) (quoting *Bridges*); *Huicochea-Gomez v. INS*, 237 F.3d at 699 (aliens claiming ineffective assistance of counsel must "explain how their liberty interests have been violated"); *Iavorski v. INS*, 232 F.3d 124, 128 (2d Cir. 2000) (quoting *Bridges*); *Mejia Rodriguez v. Reno*, 178 F.3d at 1146 (deportation proceeding implicates an alien's liberty interest); *see also Nelson v. Boeing Co.*, 446 F.3d at 1120 (citing *Mejia Rodriguez*); *Nicholson v. Rushen*, 767 F.2d at 1427 (noting the presumption that absent a risk of loss of liberty, due process does not give rise to a right to the effective assistance of counsel). The line of cases involving the removal of aliens is therefore readily distinguishable from cases involving social security benefits, welfare benefits, and federal employment, where no such liberty interest is implicated and where the courts, accordingly, have not recognized a constitutional right to either the appointment of counsel or the effective assistance of counsel.[3]

---

[3]    The Supreme Court has not resolved the conflict over whether there is a right to the effective assistance of retained counsel in immigration removal cases, and it is open to question whether the right to effective assistance of counsel attaches in civil cases whenever a liberty interest is at stake. *See Stroe v. INS*, 256 F.3d 498, 500 (7th Cir. 2001) (as a general rule there is no right to effective assistance of counsel in civil cases "even when the proceeding though nominally civil involves liberty or even life, as in a capital habeas corpus case"). Because

Mr. Pitts argues that the interests at stake in a veteran's disability benefits claim are sufficiently important to the claimant that such cases should be treated like removal proceedings, and not like other civil cases involving only property interests. Without denigrating the importance of benefits to claimants in the veterans' benefits system, we are not persuaded that such benefits are categorically different from, for example, social security disability payments, welfare assistance, or other benefit programs as to which the courts have never recognized a right to the effective assistance of counsel as a component of due process, either in the agency proceedings themselves or, as in this case, in judicial review of the agency decisions. Indeed, the Supreme Court in *Walters v. National Ass'n of Radiation Survivors*, 473 U.S. 305 (1985), stated that veterans have a "property interest in the continued receipt of Government benefits" and that "the benefits at stake in VA proceedings, which are not granted on the basis of need, are more akin to the Social Security benefits involved in *Mathews* [*v. Eldridge*, 424 U.S. 319 (1976)] than they are to the welfare payments on which the recipients in *Goldberg* [*v. Kelly*, 397 U.S. 254 (1970)] depended for their daily subsistence." 473 U.S. at 332-33. And even though the Court in *Walters* characterized *Goldberg* as presenting a more compelling case of need than is generally present in cases involving veterans' benefits, the Court, as noted, held that even in the *Goldberg* setting, a claimant is not entitled to have counsel appointed, 397 U.S. at 270-71, and it did not recognize any constitutionally based claim of ineffective assistance of counsel.

---

there is no liberty interest at stake in this case, we need not decide whether, or to what extent, the right to effective assistance of counsel applies in civil cases in which some liberty interest is implicated.

In sum, we hold that the right to the effective assistance of counsel does not apply to proceedings before the CAVC. In determining the scope of the constitutional right to the effective assistance of counsel in civil cases, the courts have consistently held that where only property interests are at stake, there is no due process right to the effective assistance of counsel, regardless of how unique or important the property rights in question may be. Proceedings in veterans' benefits cases are of course important to the claimants, but they are directed at the adjudication of property claims, not liberty interests. Based on that distinction, and the long line of precedents refusing to extend the constitutional right to counsel to benefits proceedings of that type, we reject Mr. Pitts's contention that he is entitled to relief on appeal based on what he characterizes as ineffective assistance by his lawyer while representing him before the CAVC.

## III

In addition to pressing his ineffective assistance of counsel argument, Mr. Pitts contends that the CAVC erred in holding that the error in this case was harmless. He argues that the court should not have found that he had actual knowledge of the issues and evidence pertinent to his claims. That argument challenges the CAVC's application of law to fact and therefore falls outside this court's jurisdiction. 38 U.S.C. § 7292(d)(2).

*Newhouse v. Nicholson*, 497 F.3d 1298 (Fed. Cir. 2007), presented an issue nearly identical to this one. In that case, the CAVC held that a claimant was not prejudiced by the DVA's failure to provide him proper notice of the need to submit medical evidence showing that his hearing loss was disabling. On appeal, this court held that the harmless error ruling by the CAVC was a factual

determination that this court lacked jurisdiction to review. *Id.* at 1302. That case controls our jurisdictional determination and requires that we reject Mr. Pitts's contention for lack of jurisdiction to review the harmless error ruling by the CAVC. *See also Conway v. Principi*, 353 F.3d 1369, 1375 (Fed. Cir. 2004) ("[T]he ultimate conclusion of the effect of the rule of prejudicial error on this case is beyond our jurisdiction."). We therefore do not address the merits of Mr. Pitts's challenge to the CAVC's harmless error ruling.

**AFFIRMED**