**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 15-7262**

_____

GREGORY EARL BAKER,

    Plaintiff - Appellant,

  v.

UNITED STATES OF AMERICA,

    Defendant - Appellee,

  and

WARDEN STEPHENS, in her personal capacity; A. W. BATTS, in his personal capacity; A. W. CAMPOS, in his personal capacity; MR. DUCHESNE, in his personal capacity; BRIAN BURT, in his personal capacity; MS. SERRANO-MERCADO, in her personal capacity,

    Defendants.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Dever III, Chief District Judge. (5:11-ct-03070-D)

_____

Submitted: February 29, 2016   Decided: April 19, 2016

_____

Before FLOYD, THACKER, and HARRIS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Gregory Earl Baker, Appellant Pro Se.   Sharon Coull Wilson, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gregory Earl Baker appeals the district court's orders denying relief on his complaint filed pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680 (2012), and Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Baker asserted claims of medical malpractice, negligence, and negligent infliction of emotional distress against the Government and various prison officials based on their treatment of his penile cancer.

The general facts of this case are undisputed. When Baker began his term of incarceration at the Federal Correctional Complex in Butner, North Carolina ("Butner") in September 2008, he complained of certain urological symptoms. Dr. Adrian Ogle, a urologist who works with Butner, saw Baker on December 19, 2008, and conducted surgery on January 13, 2009 to relieve Baker's symptoms. A biopsy conducted during that surgery did not reveal any cancer. Throughout early 2009, Dr. Ogle saw Baker and treated him for his symptoms, but was reluctant to order a second biopsy because he believed that Baker did not have cancer and that a second biopsy would only exacerbate Baker's condition. As Baker's condition worsened, Dr. Ogle ordered a biopsy on May 15, 2009. Dr. Ogle's next surgery date, May 22, 2009, was fully booked, and a combination of his schedule and circumstances at the prison resulted in delay of

3

the biopsy until July 16, 2009. Baker was diagnosed with cancer on July 21, 2009, and opted to forgo immediate partial amputation in favor of waiting to be evaluated for a Mohs' procedure.[1] Following further delays, an outside doctor saw Baker on September 14, 2009 and told him that a Mohs' surgery would be ineffective due to the size and depth of the tumor and its proximity to the urethra. Baker chose to be evaluated for brachytherapy,[2] and on September 23, 2009, Dr. Brant Inman saw Baker and informed him that brachytherapy would be ineffective and that Baker would require a partial penectomy. Dr. Inman performed this surgery on September 24, 2009, and later performed an inguinal pelvic lymphadenectomy on November 19, 2009. In his suit, Baker argued that had Appellees treated his condition properly, his cancer would have been detected early enough to avoid a penectomy.

The district court dismissed Baker's Bivens claims against the individual defendants for failure to state a claim, finding that two medical professionals were entitled to absolute

---

[1] "Mohs surgery is a specialized procedure that is designed to remove complex forms of skin cancer." Rosin v. United States, 786 F.3d 873, 875 n.1 (11th Cir.), cert denied, 136 S. Ct. 429 (2015).

[2] Brachytherapy is a type of radiation therapy involving insertion of a balloon into the body with a radiation source inside the balloon. Hologic, Inc. v. SenoRx, Inc., 639 F.3d 1329, 1330 (Fed. Cir. 2011).

immunity under 42 U.S.C. § 233 (2012), and that Baker had failed to allege facts indicating that the remaining individuals were personally indifferent to his medical needs or knew of their subordinates' allegedly unconstitutional acts. The court later dismissed Baker's malpractice claim for failure to state a claim because Baker had not complied with North Carolina Rule of Civil Procedure 9(j), which requires prefiling certification that a malpractice complaint relies on expert witnesses or res ipsa loquitur.

Baker proceeded to a bench trial on his claims of negligence and negligent infliction of emotional distress. Prior to trial, the Government disclosed the opinion of Dr. Paul A. Hatcher that, had the biopsy been performed on June 5, 2009, it would have revealed the tumor, but Baker would not have been a suitable candidate for Mohs' surgery or brachytherapy, and a partial penectomy "clearly" would have been the best option. Dr. Hatcher further opined that a biopsy on March 22, 2009, or May 22, 2009, would have made no difference as the cancer was already too advanced for the alternate procedures.

At trial, Dr. Hatcher testified that by early December 2008, the cancer was sufficiently advanced that a partial penectomy and lymphadenectomy would have been necessary, and that attempting a Mohs' surgery or brachytherapy would have left Baker in a worse condition than that which actually resulted.

Baker objected that the Government had not disclosed this opinion, and the district court overruled this objection. Dr. Daniel J. Canter offered similar testimony, and Dr. Inman testified on Baker's behalf. Finding the Government's experts to be credible, the district court held that any misconduct by the Government did not cause Baker's injury because even if the cancer had been treated in December 2008, the outcome would have been the same. Accordingly, the court granted judgment in favor of the Government.

Baker moved for a new trial, arguing that Dr. Hatcher's testimony was improper and incredible, that the district court misapplied the foreseeability standard, and that the preponderance of the evidence supported Baker. The district court dismissed this motion as both untimely and meritless. Baker appeals. On appeal, Baker argues that the district court erred by dismissing his Bivens and malpractice claims, admitting Dr. Hatcher's testimony, and denying the motion for a new trial.[3]

---

[3] Portions of Baker's brief challenge the district court's determination of the merits of his claims. "[W]e review judgments stemming from a bench trial under a mixed standard: factual findings are reviewed for clear error, whereas conclusions of law are reviewed de novo." Makdessi v. Fields, 789 F.3d 126, 132 (4th Cir. 2015) (internal quotation marks omitted). "In cases in which a district court's factual findings turn on assessments of witness credibility or the weighing of conflicting evidence during a bench trial, such findings are entitled to even greater deference." Helton v. AT&T, Inc., 709 F.3d 343, 350 (4th Cir. 2013).

(Continued)

6

We review de novo a district court's dismissal for failure to state a claim. Kensington Volunteer Fire Dep't, Inc. v. Montgomery Cty., 684 F.3d 462, 467 (4th Cir. 2012). In order to succeed on a supervisory liability claim under Bivens, a plaintiff may not rely on respondeat superior, but must show "that the supervisor had actual or constructive knowledge that her subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff," and that the supervisor's response showed "deliberate indifference to or tacit authorization of the alleged offensive practices," and caused the plaintiff's injury. Wilkins v. Montgomery, 751 F.3d 214, 226-27 (4th Cir. 2014) (brackets and internal quotation marks omitted). On appeal, Baker argues that he sought medical attention from prison officials, but does not indicate that the individual Appellees had actual or constructive knowledge that his treatment was

---

Baker challenges the district court's finding that any delays did not cause his injury, arguing that he would have had other treatment options had the cancer been diagnosed in early- or mid-2009. Dr. Hatcher and Dr. Canter testified that such options would not have been viable, and the district court found this testimony credible. Although Baker contends that the court should not have credited Dr. Hatcher's testimony over Dr. Inman's, we conclude that the court did not clearly err under the highly deferential standard applied to credibility determinations. Because this finding was dispositive of Baker's claims, we do not reach Baker's arguments regarding the reasonable person standard or foreseeability.

7

inadequate, or that the complaint alleged facts showing such knowledge. Accordingly, we affirm the district court's dismissal of Baker's Bivens claims.

Baker also argues that the district court erred by dismissing his malpractice claim "without ruling on it constitutionally." It appears that Baker is attempting to renew his argument that Rule 9(j) violated his right to access the courts because it required him to pay expert fees prior to filing his suit and violated the Equal Protection Clause by placing burdens on medical malpractice plaintiffs that are not placed on other personal injury plaintiffs. We conclude that any error in this regard is harmless because the district court's finding that Baker's outcome would have been the same even if his cancer had been diagnosed in December 2008 precludes Baker's claim that the doctors' alleged malpractice in failing to timely diagnose and treat his cancer proximately caused his injuries.

Baker's primary argument is that the Government failed to disclose Dr. Hatcher's testimony that a Mohs' surgery or brachytherapy would have been ineffective as early as December 2008 and that the district court erred by failing to exclude this testimony. We review for abuse of discretion a district court's decision whether to exclude an expert witness. Wilkins, 751 F.3d at 220. An expert disclosure "must be accompanied by a

written report" containing "a complete statement of all opinions the witness will express and the basis and reasons for them." Fed. R. Civ. P. 26(a)(2)(B)(i). If a party fails to provide a proper expert disclosure, "the party is not allowed to use that . . . witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). In determining whether a party's failure to properly disclose an expert was either "substantially justified" or "harmless," a court should consider the following factors:

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the non-disclosing party's explanation for its failure to disclose the evidence.

Wilkins, 751 F.3d at 222 (quoting S. States Rack & Fixture, Inc. v. Sherwin-Williams Co., 318 F.3d 592, 597 (4th Cir. 2003)). "The burden of establishing these factors lies with the nondisclosing party." Id. The district court has "broad discretion to determine whether a nondisclosure of evidence is substantially justified or harmless." S. States, 318 F.3d at 597.

We conclude that the similarity of the undisclosed testimony to the disclosed testimony of Dr. Hatcher and Dr. Canter causes the first three factors to weigh in favor of the Government. With respect to the fourth factor, although Dr.

9

Hatcher's testimony concerned an important element of Baker's case, it was redundant with Dr. Canter's testimony, which the district court found credible. With respect to the final factor, the Government indicated that its disclosure did not address the period prior to March 22, 2009, because, at the time of the disclosure, the Government was unaware of Baker's position that the cancer could have been detected prior to that date. In light of these factors, we conclude that the district court did not abuse its discretion in admitting Dr. Hatcher's testimony.

Finally, Baker argues that the district court erred by denying his motion for a new trial. Baker does not challenge the district court's finding that this motion was untimely, but argues that his attorney rendered ineffective assistance in filing late. Because there is no right to effective assistance of counsel in a civil case, see Pitts v. Shinseki, 700 F.3d 1279, 1284–86 (Fed. Cir. 2012) (collecting cases), this claim is meritless.

Accordingly, although we grant leave to proceed in forma pauperis, we deny Baker's motion to appoint counsel and affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately

presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED