NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DENNIS W. TETER,**
*Claimant-Appellant*

v.

**ROBERT WILKIE, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2019-2385

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 18-1297, Judge Amanda L. Meredith.

---

Decided: December 22, 2020

---

KENNETH M. CARPENTER, Law Offices of Carpenter Chartered, Topeka, KS, for claimant-appellant.

ALISON VICKS, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by JEFFREY B. CLARK, ROBERT EDWARD KIRSCHMAN, JR., LOREN MISHA PREHEIM; Y. KEN LEE, DEREK SCADDEN, Office of General

Counsel, United States Department of Veterans Affairs, Washington, DC.

———————————

Before DYK, SCHALL, and HUGHES, *Circuit Judges.*

SCHALL, *Circuit Judge.*

## DECISION

Dennis W. Teter appeals the decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") in *Dennis W. Teter v. Robert L. Wilkie*, No. 18-1297, 2019 WL 2363311 (Vet. App. June 5, 2019). In its decision, the Veterans Court affirmed the November 30, 2017 decision of the Board of Veterans' Appeals ("Board") that denied Mr. Teter entitlement to an initial increased disability rating for post-traumatic stress disorder ("PTSD"), with panic disorder and agoraphobia in excess of 30 percent, before August 3, 2012. J.A. 128.[1] For the reasons set forth below, we dismiss for lack of jurisdiction.

## BACKGROUND

### I

In its decision, the Board assessed Mr. Teter's symptoms in view of the criteria for 30 percent and 50 percent disability ratings set forth in 38 C.F.R. § 4.130. The Board also considered symptoms that were not specifically mentioned in the rating criteria. J.A. 124–25. In addition, pursuant to 38 C.F.R. § 4.126(a), the Board addressed the frequency, severity, and duration of Mr. Teter's symptoms.[2] In that regard, the Board stated:

———————————

[1] The Board also denied an increased disability rating for PTSD in excess of 70 percent beginning August 3, 2012, J.A. 128, but that ruling is not before us.

[2] 38 C.F.R. § 4.126(a) states:

> The nature of many PTSD symptoms, such [as] anxiety or suspiciousness, are such that they are constant but not always producing a noticeable impact on the Veteran's social functioning. The one symptom that has a severity connected to its frequency of occurrence is panic attacks. The Veteran's panic attacks were noted to be at most weekly during this period. The Board notes that the Veterans [sic] responses on his June 2008 PTSD screening confirm that his symptoms, for the most part, were mild during this time period. This is also supported by the fact that the Veteran remained employed and described his relationship with his supervisor and co-workers as "good."

J.A. 125. The Board concluded that, "based on consideration of the listed rating criteria, other reported symptoms, and consideration of the Veteran's relatively mild and infrequent symptoms during this time period," for the period prior to August 3, 2012, Mr. Teter's symptoms closely matched the criteria for a 30 percent rating and did not satisfy the criteria for a 50 percent rating. *Id.*

---

> When evaluating a mental disorder, the rating agency shall consider the frequency, severity, and duration of psychiatric symptoms, the length of remissions, and the veteran's capacity for adjustment during periods of remission. The rating agency shall assign an evaluation based on all the evidence of record that bears on occupational and social impairment rather than solely on the examiner's assessment of the level of disability at the moment of the examination.

## II

Mr. Teter appealed the Board's decision to the Veterans Court. Before the Veterans Court, Mr. Teter argued that the Board had failed to make the required assessment of his PTSD and other mental-health disability symptoms under the provisions of 38 C.F.R. § 4.130. Pointing to the Board's finding that "[b]efore August 3, 2012, the Veterans [sic] PTSD caused no more than occupational and social impairment with occasional decrease in work efficiency and intermittent inability to perform occupational tasks," Mr. Teter contended that "[t]he Board failed, as required by § 4.130, to analyze [his] symptoms in terms of how those symptoms impacted his social or occupational functioning." J.A. 140 (quoting J.A. 119). As a result, Mr. Teter asserted, the Board had "failed to adequately consider the severity of [his] service connected disability from [PTSD]." *Id.* at 140–41. Mr. Teter also argued that the Board erred because it made no findings of fact concerning "additional disabilities from panic disorder and agoraphobia." *Id.* at 141. According to Mr. Teter, because he was entitled to, but did not receive, an evaluation of all of his service-connected mental disorders, "the Board made a clear error of law by failing to correctly apply the provisions of § 4.130 when assigning an initial rating of 30 percent" for the period prior to August 3, 2012. *Id.*; *see also id.* at 141–43.

Addressing Mr. Teter's argument that the Board simply listed his symptoms without analysis or assessment, the Veterans Court pointed out that Mr. Teter's argument was "based on the Board's recitation of the evidence, not on its analysis of that evidence." *Teter*, 2019 WL 2363311 at *3 (citing and comparing J.A. 121–22 ("Evidence") with J.A. 124–25 ("Analysis")). The court then found that "[i]n its analysis, . . . the Board expressly addressed the frequency, severity, and duration of the appellant's symptoms," pointing in particular to the Board's analysis of Mr. Teter's symptoms of anxiety, suspiciousness, and panic attacks. *Id.* (quoting J.A. 125). Having

found that the Board had performed the analysis required under § 4.130, the court noted that Mr. Teter "[did] not provide specific arguments as to how that analysis is incomplete or incorrect." *Id.* at \*4. Accordingly, the court determined that Mr. Teter had failed to carry his burden of demonstrating error on the part of the Board on this point. *Id.*

The Veterans Court then turned to Mr. Teter's second argument—that the Board failed to consider the symptoms of his panic disorder and agoraphobia. The court acknowledged the Department of Veterans Affairs' argument that Mr. Teter had failed to identify any symptoms of those disorders that were not already included and compensated for in his current rating. In addition, it noted Mr. Teter's position that "it is not his obligation to identify . . . the symptoms of his panic disorder or agoraphobia or present evidence that the Board overlooked." *Id.* (citation and internal quotation marks omitted). The court explained, however, that Mr. Teter did "bear the burden of demonstrating prejudice as a result of the Board's purported error." *Id.* The court found that "[b]ecause the appellant has not identified the symptoms of panic disorder and agoraphobia for which he contends the Board failed to account and has not argued or pointed to any evidence suggesting that his symptoms satisfy the criteria for a higher disability rating for the period on appeal," Mr. Teter had failed to demonstrate that any error was prejudicial. *Id.*

Having rejected Mr. Teter's arguments, the Veterans Court affirmed the decision of the Board. This appeal followed.

DISCUSSION

I

Mr. Teter contends that the Veterans Court "relied upon a misinterpretation" of 38 C.F.R. § 4.130 when it "required [him to] provide specific arguments as to how the

Board's analysis was incomplete or incorrect." Appellant's Br. 10.  According to Mr. Teter, all he was required to do was "describe[ ] the Board's failure to comply with controlling regulatory law as interpreted by [the Federal Circuit] and the Veterans Court." *Id.*  Mr. Teter asserts he did this when he cited to the Veterans Court our decision in *Vazquez-Claudio v. Shinseki*, 713 F.3d 112 (Fed. Cir. 2013),[3] and argued that, by "merely quot[ing] verbatim" the rating criteria for a 30 percent rating, the Board failed to analyze his mental disorder symptoms, including his panic disorder and agoraphobia, in terms of how those symptoms impacted his social or occupational functioning, as required by § 4.130.  *Id.* at 11–12; *see also id.* at 14.  Finally, Mr. Teter adds that the Board also failed to perform its statutory duty under 38 U.S.C. § 7104(d) "to provide its reasons for rejecting any material evidence favorable to Mr. Teter regarding his symptoms from his service-connected panic disorder and agoraphobia."  Appellant's Br. 16.

The government responds that, because the level of impairment associated with a rating under 38 C.F.R. § 4.130 is a factual conclusion, we lack jurisdiction to consider the

---

[3] In *Vazquez-Claudio*, we explained that evaluation under § 4.130 is "symptom[ ]driven," meaning that "symptom[s] should be the fact-finder's primary focus when deciding entitlement to a given disability rating" under the regulation.  713 F.3d at 116–17.  We stated that, "[r]eading §§ 4.126 and 4.130 together, it is evident that the 'frequency, severity, and duration' of a veteran's symptoms must play an important role in determining his disability level."  *Id.* at 117 (quoting § 4.126).  We held, in *Vazquez-Claudio*, "that a veteran may only qualify for a given disability rating under § 4.130 by demonstrating the particular symptoms associated with that percentage, or others of similar severity, frequency, and duration."  *Id.*

arguments Mr. Teter advances on appeal. Appellee's Br. 9 (citing *Vazquez-Claudio*, 713 F.3d at 117). The government contends that, after noting the criteria for 30 percent and 50 percent disability ratings under 38 C.F.R. § 4.130 and reviewing the governing case law, the Veterans Court simply applied the regulation and governing law to the facts of Mr. Teter's case. *Id.* at 10–12. The government concludes that "the only dispute here is how the well-established legal standards governing assessment under 38 C.F.R. § 4.130 were applied to [Mr. Teter's] case—an issue of application of law to fact that is beyond [the Federal Circuit's] purview." *Id.* at 12 (citing 38 U.S.C. § 7292(d)(2)).

## II

Our jurisdiction to review decisions of the Veterans Court is limited by statute. Unless a case presents a constitutional issue, we may not review a challenge to a factual determination or a challenge to a law or regulation as applied to the facts of a particular case. 38 U.S.C. § 7292(d)(2).

We disagree with Mr. Teter's contention that the Veterans Court relied upon a misinterpretation of 38 C.F.R. § 4.130. Indeed, the Veterans Court did not "interpret" § 4.130 at all. Rather, the Veterans Court applied the governing law to the facts of Mr. Teter's case and found that the Board "expressly addressed" Mr. Teter's symptoms in terms of their frequency, severity, and duration. *Teter*, 2019 WL 2363311 at *3 (quoting J.A. 125). Although Mr. Teter attempts to frame his arguments as a challenge to the legal standard set forth in § 4.130, it is clear that he is actually asking us to review a challenge to a law or regulation as applied to the facts of his case. Such a review is outside our jurisdiction. 38 U.S.C. § 7292(d)(2). In addition, we note that the Veterans Court found that Mr. Teter had not demonstrated any prejudice due to the Board's alleged error to account for any of his symptoms. *Teter*, 2019 WL 2363311 at *4. This finding is outside our jurisdiction

as well, as are Mr. Teter's challenges to the adequacy of the Board's reasons and bases. *See Pitts v. Shinseki*, 700 F.3d 1279, 1286 (Fed. Cir. 2012) (concluding that the claimant's argument that the Veterans Court erred in finding an error harmless falls outside our court's jurisdiction); *Newhouse v. Nicholson*, 497 F.3d 1298, 1302 (Fed. Cir. 2007) (stating that 38 U.S.C. § 7292(d)(2) "prevents us from reviewing [the claimant's] contentions regarding actual prejudice"); *Lawson v. Shinseki*, 449 F. App'x 2 (Fed. Cir. 2010) (concluding that our court lacks jurisdiction to review a challenge under 38 U.S.C. § 7104); *Cook v. Principi*, 353 F.3d 937, 940 (Fed. Cir. 2003) (same).

CONCLUSION

Because Mr. Teter presents only challenges that fall outside our jurisdiction, we dismiss for lack of jurisdiction.

**DISMISSED**

COSTS

No costs.