NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**LARRY B. WINDHAM,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2020-2170

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 19-1216, Judge Michael P. Allen.

---

Decided:  July 23, 2021

---

ETHAN MARON, Lieberman & Mark, LLP, Washington, DC, argued for claimant-appellant.  Also represented by JEANY MARK.

IN KYU CHO, Civil Division, Commercial Litigation Branch, United States Department of Justice, Washington, DC, argued for respondent-appellee.  Also represented by BRIAN M. BOYNTON, MARTIN F. HOCKEY, JR., ROBERT EDWARD KIRSCHMAN, JR.; MEGHAN ALPHONSO, Y. KEN LEE,

Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

————————————

Before CHEN, CLEVENGER, and HUGHES, *Circuit Judges.*

HUGHES, *Circuit Judge.*

Larry Windham appeals the decision of the United States Court of Veterans Claims that affirmed the decision of the Board of Veterans' Appeals denying service connection for chronic fatigue. For the reasons below, we dismiss Mr. Windham's appeal for lack of jurisdiction.

I

Mr. Windham served honorably in the United States Air Force from August 1980 through September 1992. *Windham v. Wilkie*, No. 19-1216, 2020 WL 1238326, at *1 (Vet. App. Mar. 16, 2020). In October 2009, Mr. Windham filed a claim for service connection for multiple disabilities, including a sleep and fatigue disorder. He had a medical exam in May 2010, amended in June 2010, which noted that Mr. Windham "ha[d] noted some fatigue for the past 3–4 years but . . . not on a daily basis." J.A. 36–37. It also reported that he worked as a charter bus driver, frequently driving through the night, and that his sleep schedule was therefore inconsistent. *Id.* The medical report opined that his fatigue and sleep disturbances were likely caused by his inconsistent sleeping schedule, and "less likely as not caused by or a result of a specific exposure event experienced . . . during service in Southwest Asia." *Id.* In an August 2010 rating decision, the VA regional office denied Mr. Windham's claim.

Mr. Windham appealed to the Board in February 2012, and the Board denied entitlement to service connection for fatigue in December 2016. Mr. Windham then sought review in the Veterans Court. He argued that the Board did not provide an adequate statement of reasons or bases for

denying service connection for fatigue because it did not consider certain VA treatment records noting low energy and insomnia or certain lay statements made by Mr. Windham. *Windham*, 2020 WL 1238326, at *1. In a March 2020 memorandum decision, a single judge of the Veterans Court agreed with Mr. Windham that the Board did not address certain VA treatment records or his lay statements. But the single judge also found that the Board provided an adequate bases for its decision to deny service connection, because "the Board found no evidence of record that a *nexus* exists between any present disability and service warranting service connection for fatigue." *Id.* at *2. Thus, the Veterans Court found that there was no prejudicial error in the Board's decision to deny service connection for fatigue. In May 2020, the Veterans Court granted Mr. Windham's motion for panel review, and a majority of the panel adopted the single-judge decision as the decision of the court. J.A. 2–4.

II

We have limited jurisdiction to review decisions by the Veterans Court. We decide "all relevant questions of law, including interpreting constitutional and statutory provisions." 38 U.S.C. § 7292(d)(1). But we lack jurisdiction to review factual issues and the application of law to fact, unless a constitutional question is presented. *See Cook v. Principi*, 353 F.3d 937, 939 (Fed. Cir. 2003); *see also* 38 U.S.C. § 7292(d)(2).

Mr. Windham argues that the Veterans Court erred in finding no prejudicial error, but this is an issue of application of law to fact that we lack jurisdiction to review. *See, e.g., Pitts v. Shinseki*, 700 F.3d 1279, 1286–87 (Fed. Cir. 2012). Mr. Windham also argues that this case involves the VA's obligation under 38 U.S.C. § 5103A(d)(2) to assist claimants through the provision of an adequate medical examination or opinion. However, because Mr. Windham makes this argument for the first time on appeal and did

not raise it before the Board or the Veterans Court, we decline to consider it.[1]

### III

Because we lack jurisdiction to review the Veterans Court's finding of no prejudicial error by the Board, we dismiss.

**DISMISSED**

No costs.

---

[1]    As the Secretary noted in his brief, Mr. Windham is able to obtain a new medical opinion and advance a new claim based on new and material evidence, as appropriate. *See* 38 C.F.R. § 3.156 (for legacy claims); 38 C.F.R. § 3.2501 (for supplemental claims based on new and relevant evidence under the modernized review system).