NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JESSIE I. CAMPBELL,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2022-1802

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 20-8643, Senior Judge Frank Q. Nebeker.

---

Decided: November 8, 2022

---

JESSIE IVORY CAMPBELL, Holly Springs, MS, pro se.

SONIA W. MURPHY, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BRIAN M. BOYNTON, CLAUDIA BURKE, PATRICIA M. MCCARTHY; BRIAN D. GRIFFIN, RICHARD STEPHEN HUBER, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

Before NEWMAN, REYNA, and STOLL, *Circuit Judges.*

PER CURIAM.

Jessie I. Campbell appeals from a judgment of the United States Court of Appeals for Veterans Claims affirming the decision of the Board of Veterans' Appeals. Because we lack jurisdiction to consider Mr. Campbell's claims, we dismiss.

## BACKGROUND

Mr. Campbell served honorably in the Army from July 1970 to April 1972. In 2003, the Department of Veterans Affairs (VA) awarded Mr. Campbell service connection for bilateral hearing loss and assigned him a 40% disability rating. Appx.[1] 4. In 2008, Mr. Campbell's disability rating was increased to 50%. Appx. 4–5. In 2010, Mr. Campbell submitted a claim for a further increased disability rating. During the following decade, Mr. Campbell continued to pursue this claim, including undergoing seven hearing examinations, three of which were administered by the VA and four of which were administered privately. Appx. 5–7.

In September 2020, the Board reviewed the multiple hearing examinations and found that Mr. Campbell had, at most, a "[L]evel IX" hearing impairment in the right ear and a "[L]evel VIII" hearing impairment in the left ear. Appx. 7. The Board found that these impairments did not meet the criteria for a disability rating above 50%. *Id.* Mr. Campbell appealed to the Court of Appeals for Veterans Claims (Veterans Court), arguing that the Board did not "provide[] an adequate statement of its reasons or bases

---

[1]    Citations to "Appx." refer to the Appendix attached to the appellee's brief.

for its decision because the Board failed to address whether a new VA examination was warranted." *Id.*

The Veterans Court found that the Board adequately addressed each of the hearing examination reports in the record and appropriately determined that none of them entitled Mr. Campbell to a disability rating higher than 50%. Appx. 8–9. Although the court found that the Board should have addressed whether Mr. Campbell was entitled to another hearing examination, the court noted that Mr. Campbell neither alleged in his briefs, nor put forth any new evidence of, symptoms beyond those indicated in the hearing examination reports of record. Thus, the Veterans Court determined that Mr. Campbell "failed to meet his burden of demonstrating prejudicial error," for example by showing that a new hearing examination would differ from the hearing examinations of record and potentially alter the outcome of the case. Appx. 9. In other words, the Veterans Court determined that although the Board erred in not addressing whether the VA should have ordered another medical examination, that error was ultimately harmless. The court therefore affirmed the Board's decision.

Mr. Campbell appeals. We have jurisdiction under 38 U.S.C. § 7292.

### DISCUSSION

We have limited jurisdiction to review decisions of the Veterans Court. We may not review factual findings, nor the application of law to fact. 38 U.S.C. §§ 7292(c), (d)(2); *see also, e.g.*, *Conway v. Principi*, 353 F.3d 1369, 1372 (Fed. Cir. 2004). Our review is limited to legal challenges regarding the "validity of any statute or regulation or any interpretation thereof, and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." § 7292(c).

On appeal, Mr. Campbell again appears to argue that the Board should have found that he was entitled to a new hearing examination. *See* Appellant's Br. 2–3. In addition, Mr. Campbell argues: (1) that he is entitled to a higher disability rating, *see id.* 2–3; *see generally also* Reply Br. 1–4[2]; (2) that he has "been discriminated against," Appellant's Br. 2; and (3) that he has been denied due process, Reply Br. 3. We address each argument in turn.

First, we address Mr. Campbell's argument that the Board should have found he was entitled to a new medical examination. He does not challenge the Veterans Court's determination that the Board erred by not addressing this issue (because he won on this issue); rather, he contests that the error was harmless. Appx. 7–8. Whether the Board committed harmless error is a factual determination over which we lack jurisdiction. *Pitts v. Shinseki*, 700 F.3d 1279, 1286 (Fed. Cir. 2012) (determining that the argument that the Veterans Court erred in finding harmless error by the Board "challenges the [Veterans Court]'s application of law to fact and therefore falls outside this court's jurisdiction"). Accordingly, we dismiss this portion of Mr. Campbell's appeal.

Related to this argument, Mr. Campbell also alleges that the "Court of Appeal was given false information." Appellant's Br. 1. He does not elaborate on this statement; for example, Mr. Campbell does not identify any allegedly false information provided to the Veterans Court, nor does he explain how such information could have impacted that court's decision in his case. In his reply brief, however, Mr. Campbell appears to argue that the VA has misrepresented the results of his medical examinations to the Veterans Court. *See* Reply Br. 3–4. Giving Mr. Campbell

---

[2]    "Reply Br. __" refers to pages in Mr. Campbell's informal reply brief as numbered by operation of an electronic file viewing system.

"leniency with respect to mere formalities" in view of his *pro se* status, *Kelley v. Sec'y, U.S. Dep't of Lab.*, 812 F.2d 1378, 1380 (Fed. Cir. 1987), we assume that these details are an elaboration of his "false information" argument. Even so, the credibility and "weighing of . . . evidence is not within our appellate jurisdiction." *Maxson v. Gober*, 230 F.3d 1330, 1333 (Fed. Cir. 2000); *see also Gardin v. Shinseki*, 613 F.3d 1374, 1380 (Fed. Cir. 2010) (noting that the Board's "credibility determination is a question of fact beyond this court's jurisdiction"). And the question to which the allegedly "false information" is relevant— whether Mr. Campbell was entitled to a new medical examination—is a question of fact beyond our jurisdiction. *Prinkey v. Shinseki*, 735 F.3d 1375, 1383 (Fed. Cir. 2013). We thus also dismiss this portion of the appeal.

Next, we address Mr. Campbell's argument that he is entitled to a higher disability rating, an argument we similarly do not have jurisdiction to consider. In his briefing, Mr. Campbell appears to argue that because his hearing examinations resulted in a hearing discrimination score of over 70%, he should have been given an over 70% disability rating. *See, e.g.*, Reply Br. 4 ("I am asking this court to accept my 73% rating."). As an initial matter, we note that the hearing discrimination score assigned to a veteran by a physician is not equivalent to the corresponding disability ratings for bilateral hearing loss. For example, the disability rating guidelines provide that a veteran with a "Level VII" hearing impairment in both ears (a level which corresponds, depending on other factors, with anywhere from a 44 to 74 percent hearing discrimination score) would be entitled to a 40 percent disability rating. *See* 38 C.F.R. § 4.85, Tables VI and VII. In this case, as the Veterans Court explained, the Board applied the disability rating guidelines and determined that Mr. Campbell's hearing impairment "does not meet the criteria for a rating in excess of 50%." Appx. 7.

In any event, determining whether Mr. Campbell's disability entitles him to a higher rating "requires an application of law to fact that is beyond our jurisdiction." *Middleton v. Shinseki*, 727 F.3d 1172, 1178 (Fed. Cir. 2013) (citing 38 U.S.C. § 7292(d)(2) and *Jackson v. Shinseki*, 587 F.3d 1106, 1109 (Fed. Cir. 2009)). In other words, Mr. Campbell does not ask us to review the "validity of any statute or regulation or any interpretation thereof," nor "to interpret constitutional and statutory provisions," § 7292(c), and thus we do not have jurisdiction to consider this argument. We therefore dismiss this portion of Mr. Campbell's appeal.

We turn next to Mr. Campbell's discrimination argument. Mr. Campbell states, in full, "I feel that I have been discriminated against. I don't think this is a normal case." Appellant's Br. 2. Mr. Campbell does not elaborate nor provide evidence of discrimination. We have explained that "[a]n issue that is merely alluded to and not developed as an argument in a party's brief is deemed waived." *Rodriguez v. Dep't of Veterans Affs.*, 8 F.4th 1290, 1305 (Fed. Cir. 2021) (citing cases); *see also, e.g.*, *Monsanto Co. v. Scruggs*, 459 F.3d 1328, 1341 (Fed. Cir. 2006) ("In order for this court to reach the merits of an issue on appeal, it must be adequately developed."). In this case, Mr. Campbell's undeveloped discrimination argument, "unsupported by [] citation to any authority," *Rodriguez*, 8 F.4th at 1305, is therefore waived. Even if the argument were not waived, Mr. Campbell's brief argument on this issue has not raised any constitutional issue nor any issue concerning the validity or interpretation of any statute, regulation, or rule of law that could provide a basis for our jurisdiction. *See* § 7292(c). We thus dismiss this portion of the appeal.

Finally, in his reply brief, Mr. Campbell raises an issue for the first time: that he has been denied due process because the VA "closed [his] claim without any notice given." *See* Reply Br. 3. Although Mr. Campbell alleges a constitutional violation, he provides no further detail or support

CAMPBELL v. MCDONOUGH                                    7

for his claim other than an unsupported statement that he did not receive notice. Our court lacks jurisdiction over assertions that are "constitutional in name" only. *Helfer v. West*, 174 F.3d 1332, 1335 (Fed. Cir. 1999). In other words, nothing in Mr. Campbell's briefs presents a true constitutional question or any other issue that gives this court jurisdiction. We therefore must also dismiss this portion of Mr. Campbell's appeal.

## CONCLUSION

For the foregoing reasons, we conclude that Mr. Campbell has failed to raise any issue that could provide a basis for our jurisdiction. We therefore dismiss this appeal.

## DISMISSED

## COSTS

No costs.