NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ROBERT M. LAIRD,**
*Claimant-Appellant*

**v.**

**DOUGLAS A. COLLINS, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2024-1263

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 22-5199, Judge Joseph L. Toth.

---

Decided: December 17, 2025

---

CLARE MALINOWSKI, Veterans Legal Advocacy Group, Arlington, VA, argued for claimant-appellant. Also represented by HAROLD HAMILTON HOFFMAN, III, MEGAN EILEEN HOFFMAN, LEA SUAREZ.

TANYA KOENIG, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee. Also represented by ERIC P. BRUSKIN, PATRICIA M. MCCARTHY, YAAKOV ROTH; CHRISTOPHER O. ADELOYE, DEREK SCADDEN, Office

of General Counsel, United States Department of Veterans Affairs, Washington, DC.

_____

Before LOURIE, SCHALL, and STOLL, *Circuit Judges.*

STOLL, *Circuit Judge.*

Robert M. Laird appeals the decision of the United States Court of Appeals for Veterans Claims affirming the Board of Veterans Appeals' denial of an earlier effective date for Mr. Laird's service-connected disability. Because Mr. Laird's appeal presents no arguments within our jurisdiction, we dismiss.

In 2010, Mr. Laird, a Marine Corps veteran, filed a claim for service connection for post-traumatic stress disorder (PTSD). In June 2011, Mr. Laird received a medical exam from the VA, and the medical examiner diagnosed Mr. Laird with depression but not with PTSD. In a November 2011 decision, the agency of original jurisdiction granted service connection for major depressive disorder (MDD), assigning a 10% rating to Mr. Laird's claim. On October 12, 2012, Mr. Laird—who, at the time, was representing himself before the VA—submitted a Notice of Disagreement (NOD) requesting an increased rating for PTSD. However, Mr. Laird used the wrong form to submit the NOD, and the Board subsequently interpreted Mr. Laird's October 12, 2012 submission not as a NOD but rather as a new claim for an increased rating for MDD.

Because the Board interpreted Mr. Laird's submission as a new claim for an increased rating for MDD, it evaluated it as such, "review[ing] evidence from the date of claim and during the one year 'look back period' preceding the submission of the claim." J.A. 17 (citing 38 U.S.C. § 5110(b); 38 C.F.R. § 3.400(o)(2); *Gaston v. Shinseki*, 605 F.3d 979, 982 (Fed. Cir. 2010)). Accordingly, the Board "considered the lay and medical evidence in the one

year prior to the date of receipt of the October 12, 2012 increased rating claim." *Id.* On August 2, 2022, the Board issued its decision.

Mr. Laird appealed the Board's decision to the Veterans Court. He argued that "[u]nder an appropriately liberal reading, [his] pro se submission could be construed as a disagreement with the denial of a higher rating for MDD." J.A. 47–48. The Veterans Court agreed, holding Mr. Laird's October 12, 2012 submission "was a valid NOD and that the Board erred in determining otherwise." J.A. 2. But the Veterans Court also concluded that the Board's error was harmless, since the Board "left intact the currently assigned effective date of October 12, 2012," and Mr. Laird "d[id] not attempt to challenge the Board's finding as to the date entitlement arose." J.A. 3.

Mr. Laird subsequently moved the Veterans Court for reconsideration. He argued that, in finding the Board's error was harmless, the Veterans Court "overlooked that the Board's finding of fact regarding the increase . . . treat[ed] the claim as an increased rating claim." J.A. 28. Therefore, "the Board did not evaluate whether an increased rating was warranted based on the entire recorded history of the claim but limited its analysis to that within one year of the October 2012 supplemental claim." *Id.* The Veterans Court denied Mr. Laird's motion, noting Mr. Laird relied "entirely on legal arguments not presented in his initial brief." J.A. 27. The Veterans Court entered judgment, and Mr. Laird filed the instant appeal.

After review, we determine we lack jurisdiction to consider the Veterans Court's decision. Our jurisdiction to review decisions of the Veterans Court is limited. *Wanless v. Shinseki*, 618 F.3d 1333, 1336 (Fed. Cir. 2010). We have jurisdiction to review and decide "all relevant questions of law, including interpreting constitutional and statutory provisions." 38 U.S.C. § 7292(d)(1). But we lack jurisdiction to review "(A) a challenge to a factual deter-

mination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." *Id.* § 7292(d)(2).

Mr. Laird contends that the Board's mischaracterization of the NOD led it to apply the one-year look-back period for its evidentiary review and, as a result, to "preclude[] [Mr. Laird's] June 2011 PTSD exam from review." Appellant's Br. 17. Mr. Laird further claims that the Veterans Court's adoption of the Board's review "perpetuated the ill effects of the Board's error." Appellant's Br. 18. Mr. Laird's arguments, ultimately, are challenges to the Veterans Court's determination that the Board's error was harmless. *See* J.A. 3 ("[I]t is fair to conclude that Mr. Laird's submission is a[] NOD, and the Board erred in determining otherwise. However, any Board error in this regard is harmless."). And a challenge to such a holding is a challenge to the Veterans Court's "application of law to fact and therefore falls outside this court's jurisdiction." *Pitts v. Shinseki*, 700 F.3d 1279, 1286 (Fed. Cir. 2012).

We also note that Mr. Laird's argument regarding the effect of the Board's error is not preserved because Mr. Laird did not present that argument to the Veterans Court until he moved for reconsideration. *See* J.A. 26. "[A]n argument made for the first time in a motion for reconsideration comes too late, and is ordinarily deemed waived and not preserved for appeal." *Bluebonnet Sav. Bank, F.S.B. v. United States*, 466 F.3d 1349, 1361 (Fed. Cir. 2006).

For the foregoing reasons, we dismiss Mr. Laird's appeal for lack of jurisdiction.

**DISMISSED**

COSTS

No costs.